# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3483

_____

| | | |
|---|---|---|
| Ali Abdulla Sabhari, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an Order |
| v. | * | of the Board of Immigration |
| | * | Appeals. |
| Michael B. Mukasey, Attorney | * | |
| General of the United States | * | [PUBLISHED] |
| of America,[1] | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: September 27, 2007
Filed: April 10, 2008

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Ali Sabhari seeks review of a denial by the Board of Immigration Appeals (BIA) of his motion to reopen *sua sponte* proceedings relating to his removal from the United States. Sabhari also argues that the BIA's refusal to reopen proceedings violated the Due Process Clause. We dismiss the petition for review.

_____

[1]Michael B. Mukasey has been appointed Attorney General, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

## I. *Background*

Sabhari lawfully entered the United States in November 1993 as a visitor from Kuwait. He remained in the United States beyond the expiration of his visitor visa, which expired in May 1994. In July 1997, the former Immigration and Naturalization Service ("INS") initiated removal proceedings by filing a Notice to Appear charging Sabhari with remaining in the United States longer than permitted and for procuring admission to the United States by fraud or by willfully misrepresenting a material fact.

Five years after coming to the United States, and subsequent to the initiation of removal proceedings, Sabhari applied for asylum and withholding of removal. Sabhari's December 7, 1998 application stated that he sought asylum based upon discrimination and persecution that he faced in Kuwait. Sabhari also claimed that he was mistreated because of his third class or Bedouin status, his allegedly Jewish appearance, and his status as a Shiite Muslim.

The Immigration Judge (IJ) issued an oral decision on July 19, 1999, denying Sabhari's application for asylum, application for withholding of removal, application for relief under the Convention Against Torture, and application for voluntary departure. The IJ found that Sabhari failed to introduce sufficient, concrete or direct evidence to show that he had a well-founded fear of persecution. Sabhari's testimony was not sufficiently detailed, consistent or believable to provide a plausible and coherent account of the basis for his fears, according to the IJ. On June 28, 2002, the BIA summarily affirmed the IJ's decision without opinion.

Sabhari filed his first motion to reopen proceedings with the BIA on September 25, 2002. Sabhari applied for adjustment of status based on an unadjudicated immediate-relative visa petition filed on Sabhari's behalf by his United States citizen spouse. On February 10, 2003, the BIA denied Sabhari's first motion to reopen proceedings based on a finding that Sabhari had not shown prima facie eligibility for adjustment of status. Sabhari failed to produce clear and convincing evidence

indicating a strong likelihood that the marriage was bona fide as required by the relevant regulations.

On May 15, 2006, Sabhari filed a second motion to reopen, requesting asylum and related relief. He asserted that numerical and time bars should not apply to his motion because he had discovered that his estranged brother's 1997 asylum application had been granted based upon the "same" facts as his own application. On August 31, 2006, the BIA denied this second motion to reopen concluding that the motion was untimely and numerically-barred. The BIA further determined that Sabhari's arguments for getting around those bars failed as Sabhari had not shown changed country conditions in Kuwait.

The BIA declined to reopen the case *sua sponte* because the circumstances of Sabhari's untimely second motion to reopen were not exceptional. In his first motion to reopen, Sabhari elected to pursue adjustment of status instead of asylum. The denial of Sabhari's adjustment of status application was not an extraordinary circumstance justifying his untimeliness in seeking asylum. The BIA, exercising its discretion, concluded that Sabhari's delay justified denial of his motion to reopen and his underlying asylum claim. Sabhari then filed his petition for review.

## II. *Discussion*

In his petition for review, Sabhari argues that the BIA abused its discretion by denying his motion to reopen proceedings *sua sponte* based on exceptional circumstances.

In a removal proceeding, an alien may file *one* motion to reopen proceedings. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2) (emphasis added). This motion must be filed within 90 days of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2). Here, Sabhari's motion to reopen fails

because it is his second motion to reopen, and it was filed well beyond 90 days. In fact, it came years after the final administrative order of removal.

The governing regulations also provide that the BIA may reopen proceedings on its own motion. 8 C.F.R. § 1003.2(a). However, we recently held, en banc, that the decision whether to reopen removal proceedings *sua sponte* is committed to the BIA's discretion by law and that we lack jurisdiction to review the agency's discretionary decision. *Tamenut v. Mukasey,* No. 05-4418, 2008 WL 637617 (8th Cir. Mar. 11, 2008) (en banc) (published per curiam). We therefore lack jurisdiction to review the BIA's decision not to reopen Sabhari's proceedings *sua sponte*.

Sabhari also argues that the BIA violated the Due Process Clause by denying his motion to reopen. Although we lack jurisdiction over Sabhari's challenge to the decision not to reopen *sua sponte*, we generally do have jurisdiction over any colorable constitutional claims. *See Mouawad v. Gonzales*, 485 F.3d 405, 411 (8th Cir. 2007); *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). To be colorable, a constitutional claim must have "some possible validity." *Torres-Aguilar*, 246 F.3d at 1271.

Sabhari argues that the BIA violated the Due Process Clause by finding that he did not clearly state when he learned of his brother's asylum grant nor did he explain why his non-estranged family members could not have helped him discover the grant sooner. Sabhari also argues that the Department of Homeland Security (DHS) should have disclosed to Sabhari that his brother was granted asylum. We think these contentions are simply "cloaking an abuse of discretion argument in constitutional garb," *Onyinkwa v. Ashcroft*, 376 F.3d 797, 799 n.1 (8th Cir. 2004) (quoting *Torres-Aguilar*, 246 F.3d at 1271), and are thus insufficient to justify judicial review. The Due Process Clause guarantees that removal proceedings will be fundamentally fair and Sabhari points to nothing that suggests that the proceedings below were not fundamentally fair. *Al Khouri v. Ashcroft*, 362 F.3d 461, 464 (8th Cir. 2004).

Therefore, we conclude that Sabhari has not advanced a colorable claim that the BIA violated his constitutional rights.

### III. *Conclusion*

Accordingly, we dismiss the petition for review.

_____