# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1595

_____

Jose Domingo Garcia-Aguillon,      *
                                   *
          Petitioner,              *
                                   *   Petition for Review
     v.                            *   of an Order of the
                                   *   Board of Immigration Appeals.
Michael B. Mukasey, Attorney       *
General of the United States,      *
                                   *
          Respondent.              *

_____

Submitted: January 17, 2008
    Filed:  May 5, 2008

_____

Before WOLLMAN, BRIGHT, and SMITH, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Jose Domingo Garcia-Aguillon, a citizen and native of Mexico, seeks review of an order of the Board of Immigration Appeals (BIA) that summarily affirmed and adopted the decision of an immigration judge (IJ) denying Garcia-Aguillon's request for voluntary departure and ordering his removal to Mexico. We dismiss the petition for review for lack of jurisdiction.

## I.

Garcia-Aguillon entered the United States without inspection on at least four occasions within a one-month time period. On the first three occasions, dated September 9, 17, and 19, 2002, immigration officials intercepted Garcia-Aguillon and allowed him to depart voluntarily without removal proceedings. Garcia-Aguillon's October 1, 2002, entry evaded an encounter with authorities, however, and he remained in the United States illegally.

The government initiated removal proceedings against Garcia-Aguillon on July 6, 2005, after he was arrested for driving without a license and admitted that he lacked immigration documentation. Garcia-Aguillon's master calendar hearing was continued to allow his counsel time for preparation. At the resumed hearing before the IJ on October 18, 2005, Garcia-Aguillon admitted all of the allegations against him, conceded inadmissibility, and requested a voluntary departure. The IJ reset the merits hearing date to November 18, 2005, to permit Garcia-Aguillon and his counsel to review his immigration record (Form I-213) in preparation for the hearing. At the merits hearing, the government did not contest that Garcia-Aguillon was statutorily eligible for voluntary departure, but the IJ denied Garcia-Aguillon's request as a matter of discretion and ordered his removal to Mexico, finding that his repeated illegal entries evinced "absolutely no respect for the immigration laws of the United States."

## II.

Although we generally have jurisdiction to review final orders of removal, 8 U.S.C. § 1252, we lack jurisdiction to review the discretionary denial of voluntary departure under 8 U.S.C. § 1229c. 8 U.S.C. § 1252(a)(2)(B)(i). Thus, we must dismiss Garcia-Aguillon's petition for lack of jurisdiction unless a colorable constitutional claim or question of law is raised therein, keeping in mind that a

petitioner may not create jurisdiction by "'cloaking an abuse of discretion argument in constitutional [or legal] garb.'" Sabhari v. Mukasey, No. 06-3483, 2008 WL 961167, at *2 (8th Cir. Apr. 10, 2008) (per curiam) (quoting Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir. 2001)); 8 U.S.C. § (a)(2)(D); see also Barco-Sandoval v. Gonzales, 516 F.3d 35, 40-41 n.6 (2d Cir. 2008). To be colorable, a claim must have "'some possible validity.'" Sabhari, 2008 WL 961167, at *2 (quoting Torres-Aguilar, 246 F.3d at 1271); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." (internal quotations omitted)); Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1578-80 (Fed. Cir. 1991) (listing various formulations of frivolous appellate claims).

In his petition for review, Garcia-Aguillon argues that the IJ incorrectly applied the statutory standards in denying his request for voluntary departure and that his due process rights were violated because he lacked notice at the time of his previous returns that they could be used to deny him voluntary departure in the future. We conclude that we lack jurisdiction to review Garcia-Aguillon's petition because his arguments therein fail to present a colorable constitutional claim or question of law.

Garcia-Aguillon's first argument fails to state a colorable legal claim because it amounts to nothing more than a challenge to the IJ's discretionary and fact-finding exercises cloaked as a question of law. Specifically, Garcia-Aguillon argues that the IJ's consideration of the repeated illegal entries listed on his Form I-213 amounts to the application of the statutory standard for aliens who apply for voluntary departure at the end of removal proceedings under 8 U.S.C. § 1229c(b), which requires a showing of five years of good moral character, rather than the standard for those who apply before the end of proceedings under 8 U.S.C. § 1229c(a), which does not. Garcia-Aguillon's statutory eligibility for voluntary departure was conceded, however,

and thus was not at issue during the merits hearing. The single issue to be decided was whether Garcia-Aguillon merited voluntary departure as a matter of discretion. The consideration of an alien's "additional violations of the immigration laws . . . and other evidence of bad character or the undesirability of the applicant as a permanent resident" is clearly part of the IJ's discretionary exercise with respect to voluntary departure and does not pertain to the different standards found in sections 1229c(a) and (b). Arguelles-Campos, 22 I. & N. Dec. 811, 817 (BIA 1999) (citing Gamboa, 14 I. & N. 244 (BIA 1972)).

Garcia-Aguillon's due process argument fails to state a colorable constitutional claim because he clearly does not possess a constitutionally protected interest in discretionary relief under existing law and does not provide a reasoned argument for changing or distinguishing the law. Garcia-Mateo v. Keisler, 503 F.3d 698, 700 (8th Cir. 2007) (citing Nativi-Gomez v. Ashcroft, 344 F.3d 805, 808 (8th Cir. 2003) (no constitutionally protected interest in discretionary relief from removal)); De Araujo v. Gonzales, 457 F.3d 146, 153-55 (1st Cir. 2006) (no colorable due process claim when alien fails to state a protected liberty or property interest).

The petition for review is dismissed for lack of jurisdiction.

_____