NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0187n.06
Filed: March 9, 2009

No. 08-3218

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BASEL JAMIL FARRAJ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW FROM A |
| v. | ) | DECISION OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General,* | ) | |
| | ) | |
| Respondent. | ) | |

Before:  MARTIN and COOK, Circuit Judges; WATSON, District Judge.**

COOK, Circuit Judge.  Basel Jamil Farraj, of Jordan, petitions for review of the Board of Immigration Appeals ("BIA")'s order denying his applications for withholding of removal and cancellation of removal.  The BIA, affirming the Immigration Judge ("IJ")'s decision, concluded that Farraj failed to establish a clear probability of future persecution and failed to show that his removal would cause exceptional hardship to his parents.  For the following reasons, we dismiss in part for lack of jurisdiction and deny the remainder of the petition on the merits.

---

*Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric H. Holder, Jr. has been substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

**The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

## I. Background

Farraj, 29, entered the United States with his parents in 1992 at the age of 12. The Department of Homeland Security charged him with removability in 2003 on the grounds that he remained in the United States longer than authorized. On March 7, 2005, Farraj filed applications for withholding of removal, protection under the Convention Against Torture, voluntary departure, and cancellation of removal. He claimed that he feared violent retribution by a Jordanian family due to his brother's alleged involvement in the death of one of its members. Farraj also asserted that his parents rely on him for their care and would face hardship if he returned to Jordan. The IJ denied each application, and the BIA affirmed. Farraj now appeals the denial of his applications for withholding of removal and cancellation of removal.

## II. Analysis

A.    Application for withholding of removal

Where "the BIA does not summarily affirm or adopt the IJ's reasoning and provide[s] an explanation for its decision, we review the BIA's decision as the final agency determination." *Fang Huang v. Mukasey*, 523 F.3d 640, 651 (6th Cir. 2008) (internal quotation marks omitted). We review the BIA's factual findings under the substantial-evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary," *Thap v. Mukasey*, 544 F.3d 674, 676 (6th Cir. 2008) (internal quotation marks omitted), and the BIA's

decision "must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole," *Kolida v. INS*, 259 F.3d 482, 486 (6th Cir. 2001) (internal quotation marks omitted).

Pursuant to 8 U.S.C. § 1231(b)(3)(A), the Attorney General "may not remove an alien to a country if . . . the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." Withholding of removal "is mandatory if the applicant can establish a clear probability ["more than a 50 percent likelihood"] of future persecution." *Mapouya v. Gonzales*, 487 F.3d 396, 413–14 (6th Cir. 2007). Here, Farraj testified that he feared returning to Jordan because of potential retribution by the family of Raed Al-Farah, a man who Farraj's brother was convicted of murdering in Michigan. According to Farraj, in Jordan, the victim's family traditionally seeks revenge against the perpetrator's closest relative.

The BIA found this evidence insufficient to prove a "clear probability" of a threat to Farraj's life, reasoning that Farraj's father returned to Jordan for forty days in 2006 without incident and that several of Farraj's aunts and uncles live in Jordan and remain unharmed. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident . . . ."); *see also Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir. 2005) (viewing experience of similarly-situated family and friends as relevant to validity of applicant's fear). Farraj counters that

his father attempted to conceal his presence from the Al-Farah family, but the IJ doubted that Farraj's father could successfully escape notice given that he sought medical treatment at a major hospital and stayed with his sister. The BIA concluded that Farraj failed to establish a clear probability of future persecution, and Farraj does not offer evidence "compelling" a contrary result. *See Thap*, 544 F.3d at 676.

Farraj also protests that the BIA "arbitrarily failed to acknowledge" certain written documentation establishing his persecution claim and "arbitrarily reject[ed]" his claim of membership in a "particular social group," but these arguments also lack merit. As to the first, Farraj references a letter written by the mayor of Farraj's family's tribe describing Jordan's tradition of vengeance and asserting that the Al-Farah family will seek retribution. But the IJ considered this letter in reaching its decision, and this court assumes, absent evidence to the contrary, that the BIA properly reviewed the record and the IJ's decision. *See Denko v. INS*, 351 F.3d 717, 728–29 (6th Cir. 2003) (concluding that petitioner must provide evidence that the BIA did not properly review his case, because "[w]e will not assume such a complete break-down in the system in the absence of tangible evidence . . ."). As to Farraj's second argument, because the BIA determined that Farraj failed to meet his burden of proof that he faced a clear probability of future persecution, it did not need to decide whether Farraj's family qualifies as a "particular social group." *See* 8 U.S.C. § 1231(b)(3)(A); *see also Pitcherskaia v. INS*, 118 F.3d 641, 645 (9th Cir. 1997).

We conclude that substantial evidence supports the BIA's denial of Farraj's application for withholding of removal.

B.      Application for cancellation of removal

Farraj next argues that the BIA erred when it concluded that he "failed to establish that his removal will result in exceptional and extremely unusual hardship to his lawful permanent resident parents" and denied his application for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D). The government responds that this court lacks jurisdiction to review the BIA's decision, as 8 U.S.C. § 1231(b)(3)(A) precludes courts from reviewing denials of applications of cancellation of removal and other decisions reserved for the Attorney General's discretion, including hardship determinations. *See* 8 U.S.C. § 1252(a)(2)(B)(i)–(ii); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008). Courts retain jurisdiction, however, to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D).

Farraj attempts to position his claim within this narrow exception, alleging that the BIA erred as a matter of law by failing to examine the "cumulative hardship" to his parents. *See In re O-J-O-*, 21 I & N Dec. 381, 383 (BIA 1996) (noting that the BIA must consider relevant hardship factors "in the aggregate"). But although Farraj labels his argument as a question of law, he points to no evidence that the BIA misapplied the proper legal standard, so we construe it to be merely an objection to the weight the BIA assigned his evidence. *See K.E. v. Gonzales*, 233 F. App'x. 442, 448 (6th Cir. 2007). His contention thus "amounts to nothing more than a challenge to the IJ's

discretionary and fact-finding exercises cloaked as a question of law." *Garcia-Aguillon v. Mukasey*, 524 F.3d 848, 850 (8th Cir. 2008); *see also Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001) ("[A] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (noting that a claim "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous'") (emphasis removed) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).  Accordingly, we lack jurisdiction to review the portion of Farraj's petition challenging the denial of his application for cancellation of removal.

## III. Conclusion

For these reasons, we dismiss in part for lack of subject matter jurisdiction and deny the remainder of the petition on the merits.