# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1440

_____

Concepcion Nunez-Acosta,       *
      *
    Petitioner,       *
      *   Petition for Review of an Order
    v.       *   of the Board of Immigration
      *   Appeals.
Eric H. Holder, Jr., Attorney       *
General of the United States,       *   [UNPUBLISHED]
      *
    Respondent.[1]       *

_____

Submitted: October 17, 2008
Filed: May 14, 2009

_____

Before RILEY, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Concepcion Nunez-Acosta, a citizen and native of Mexico, seeks review of an order of the Board of Immigration Appeals ("BIA") that affirmed the decision of an immigration judge ("IJ") denying her application for cancellation of removal and ordering her voluntary removal to Mexico. We dismiss the petition for lack of jurisdiction.

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Holder is automatically substituted for his predecessor.

Nunez-Acosta entered the United States on December 20, 1992. She was authorized to stay in the United States until January 11, 2003, but remained without permission beyond that date. On April 14, 2005, the Department of Homeland Security initiated removal proceedings against Nunez-Acosta by filing a Notice To Appear that charged her with remaining in the United States longer than authorized. At the removal hearing, she conceded the charge of removability and requested cancellation of removal under 8 U.S.C. § 1229b(b). On June 26, 2006, the IJ denied her request for cancellation of removal and ordered voluntary removal, finding that she had failed to establish that her removal would cause "exceptional and extremely unusual hardship" to her two U.S. citizen children. *See* 8 U.S.C. § 1229b(b)(1)(D). Nunez-Acosta appealed the decision to the BIA, and on February 7, 2008, the BIA dismissed her appeal, agreeing with the IJ that she failed to show the requisite hardship to her qualifying relatives.

We lack jurisdiction to consider the Attorney General's discretionary decision regarding whether to grant cancellation of removal under 8 U.S.C. § 1229b(b). *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Guled v. Mukasey*, 515 F.3d 872, 880 (8th Cir. 2008). As such, "dispute[s] with the BIA's factual findings or discretionary judgments . . . are insulated from judicial review." *Purwantono v. Gonzales*, 498 F.3d 822, 824 (8th Cir. 2007); *Meraz-Reyes v. Gonzales*, 436 F.3d 842, 843 (8th Cir. 2006) (per curiam). We do have jurisdiction, however, to consider "colorable" constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D); *see Garcia-Aguillon v. Mukasey*, 524 F.3d 848, 849 (8th Cir. 2008). A colorable claim is one that has "some possible validity." *Garcia-Aguillon*, 524 F.3d at 850 (internal quotation omitted).

In her petition for review, Nunez-Acosta raises several claims. First, she argues that the IJ violated her due process rights by limiting her testimony during the hearing, denying her request for a continuance to get information on her tax debts, and refusing her request to submit a doctor's letter regarding her child's skin condition. Second, she contends that the IJ's limitation of her testimony during the hearing shows that the

IJ misapplied the "exceptional and extremely unusual hardship" standard under 8 U.S.C. 1229b(b)(D), which requires consideration of all hardship factors in their totality. Third, she argues that the IJ's assessments of her credibility cannot be reconciled, because the IJ found her testimony implausible in some respects, yet ultimately granted her request for voluntary departure, concluding that other factors outweighed her implausible testimony. Finally, she claims that the IJ should have applied the rule of lenity and "granted [her] the benefit of the doubt," because her case was a "close" one.

We first conclude that we do not have jurisdiction to review Nunez-Acosta's due process argument, because she fails to state a colorable constitutional claim. *Garcia-Aguillon*, 524 F.3d at 850; *Nativi-Gomez v. Ashcroft*, 344 F.3d 805, 808 (8th Cir. 2003). "In order to make out a due process violation, a party must demonstrate a protected liberty or property interest." *Nativi-Gomez*, 344 F.3d at 808. Cancellation of removal, however, is a purely discretionary remedy akin to "a power to dispense mercy." *Guled*, 515 F.3d at 880. Accordingly, "[n]o person has a constitutionally protected liberty interest in such speculative relief." *Nativi-Gomez*, 344 F.3d at 808.

We turn next to Nunez-Acosta's argument that the IJ misapplied the legal standard for "exceptional and extremely unusual hardship." She claims specifically that the IJ limited the scope of her testimony during the hearing, and that because the standard requires consideration of all hardship factors in their totality, *see In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 64 (BIA 2001), the IJ's action shows that he failed to consider certain factors and therefore misapplied the law. To the extent that this claim might raise a question of law reviewable under 8 U.S.C. § 1252(a)(2)(D), we conclude that Nunez-Acosta failed to exhaust her administrative remedies by not raising this argument in her appeal to the BIA. *See Ming Ming Wijono v. Gonzales*, 439 F.3d 868, 871 (8th Cir. 2006); *Etchu-Njang v. Gonzales*, 403 F.3d 577, 583 (8th Cir. 2005). Nunez-Acosta should have raised with the BIA her contention that the IJ misapplied the law, and she has presented no reason to excuse her from the general

exhaustion requirement. *See Frango v. Gonzales*, 437 F.3d 726, 729 (8th Cir. 2006). Accordingly, Nunez-Acosta's failure to exhaust her administrative remedies prevents our review of her purportedly legal argument at this stage.

Finally, Nunez-Acosta contends that the IJ's assessment of her credibility is internally inconsistent, and that the IJ should have applied the rule of lenity and granted her the "benefit of the doubt" because her case was a "close" one. These contentions, however, amount to a dispute with the BIA's discretionary factual finding that she failed to meet the "exceptional and extremely unusual hardship" standard. *See Meraz-Reyes*, 436 F.3d at 843. Credibility assessments are precisely the sort of discretionary, fact-finding exercise that Congress has shielded from judicial review in cancellation disputes. So too are claims that a case is especially "close" and thus deserving of "the benefit of the doubt." Because both of these arguments amount to nothing more than a disagreement with the discretionary, fact-specific judgments of the IJ and the BIA, we have no authority to review them.

The petition for review is dismissed.

_____