# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3266

_____

Hansa Persad,

      Petitioner,

v.

Eric H. Holder, Jr., Attorney
General of the United States,

      Respondent.

\*
\*
\*
\*
\*   On Petition for Review of an
\*   Order of the Board of
\*   Immigration Appeals.
\*
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: June 14, 2010
Filed: June 18, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Hansa Persad, a native and citizen of Trinidad and Tobago, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming an order of the Immigration Judge (IJ) denying his motion to reopen removal proceedings conducted *in absentia*. We deny the petition.

On July 18, 2003 Petitioner failed to appear for his master calendar hearing and was found removable *in absentia*. In 2004 he made his first motion to reopen, claiming lack of proper service of the notice regarding the immigration proceedings. The IJ denied the motion to reopen, finding that he was sent proper notice and had

signed for the notice which was sent via certified mail. Petitioner appealed the IJ's denial in 2005 and the BIA adopted and affirmed the decision. He did not seek further review before this court, and failed to leave the country. On February 17, 2009, after Petitioner's detention by the Immigration and Customs Enforcement, he filed a second motion to reopen his *in absentia* order. The BIA denied this second motion to reopen as number barred. The BIA noted an alien is allowed only one motion to reopen and rescind an *in absentia* order of removal and that Petitioner's second motion to reopen alleged the same claim raised in his first motion five years earlier. INA § 240(c)(7)(a); 8 U.S.C. § 1229a(c)(7)(a).

Petitioner argues the BIA abused its discretion in denying Petitioner's second motion to reopen his *in absentia* removal order and that he was denied due process of law in the removal proceedings. We review the BIA's denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 324 (1992); Aneyoue v. Gonzales, 478 F.3d 905, 907 (8th Cir. 2007). Because an alien may file only one motion to reopen his removal proceedings, the BIA did not abuse its discretion in denying Petitioner's second motion. Sabhari v. Mukasey, 522 F.3d 842, 844 (8th Cir. 2008); INA § 240(c)(7)(a); 8 U.S.C. § 1229a(c)(7)(a).

There is also no merit to Petitioner's constitutional challenge under the due process clause. The INA plainly provides the exact steps required to establish improper notice. See INA § 240(b)(5)(C)(ii), 8 U.S.C. § 1229a(b)(5)(C)(ii). Petitioner was represented by counsel and had a fair opportunity to present his case in his original appeal in 2005. He failed to file a petition for review within thirty days of that decision and therefore is not entitled to review of the merits of his *in absentia* removal order. White v. INS, 6 F.3d 1312, 1318 (8th Cir. 1993); 8 U.S.C. §1252(b)(1).

Accordingly, we deny the petition for review.

_____