# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1787

_____

| | | |
|---|---|---|
| Sengendo Kaggwa, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Eric H. Holder, Jr., Attorney | * | |
| General of the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: February 14, 2011
Filed: March 31, 2011

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Sengendo Stephen Kaggwa, a Ugandan national, filed a Petition to Remove Conditions on Residence ("Form I-751"). Alternatively, he requested voluntary departure. Both were administratively denied. We deny the petition for review in part and dismiss in part.

Kaggwa came to the United States in October 2002, shortly after the death of his first wife. The next month, he married Theresa Nakyanzi Senungi, a United States citizen. Due to the marriage, Kaggwa received a conditional adjustment of status.

About two years later, he was required to reapply to make his resident status permanent. He missed his scheduled interview with the Department of Homeland Security. The government initiated removal proceedings. The Immigration Judge ("IJ") found that Kaggwa had married primarily for immigration reasons, so was ineligible for a permanent adjustment of status. The IJ denied voluntary departure and ordered him removed from the United States. The Board of Immigration Appeals ("BIA") dismissed his appeal.

To the extent Kaggwa challenges the denial of status adjustment based on the marriage finding, we have jurisdiction under 8 U.S.C. § 1252(a)(1). Factual findings are affirmed "unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Hassen v. Mukasey*, 534 F.3d 927, 928 (8th Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)) (further citation omitted). "When the BIA has adopted and affirmed the IJ's adverse credibility determination, we defer to those findings if 'supported by specific, cogent reasons for disbelief.'" *Osonowo v. Mukasey*, 521 F.3d 922, 927 (8th Cir. 2008) (quoting *Onsongo v. Gonzales*, 457 F.3d 849, 852 (8th Cir. 2006)).

In analyzing Kaggwa's reasons for marrying, the IJ relied on 8 U.S.C. § 1186a(c)(4), which governs hardship waivers for aliens failing to meet certain conditions for adjustment of status. As the BIA recognized, Kaggwa does not show he requested a hardship waiver; the proper reference point is 8 U.S.C. § 1186a(d)(1)(A)(i)(III), which lays out the facts required for a Form I-751. The IJ analyzed the facts of Kaggwa's marriage to Senungi and found that "there is substantial evidence to indicate that [he] entered into his marriage primarily for the purpose of obtaining immigration benefits." Although the IJ cited § 1186a(c)(4), this finding adequately connects the IJ's decision to the proper subsection.

The IJ's conclusion on the marriage hinged on credibility. The IJ cited several grounds, including material inconsistencies between the testimony of Kaggwa and

Senungi. For instance, Kaggwa claimed not to have known Senungi in Uganda; he stated that they first met and became romantically involved in 2002 in the United States. Senungi testified that she knew him before 2002, having seen him several times in Uganda in the 1990s. She also stated they became romantically involved in 1999 or 2000. Further, the IJ found that Kaggwa's "decision to marry his current wife on November 24, 2002, just a few weeks after the death of his first wife and his arrival into the U.S., raises suspicion regarding the true nature and intent of his relationship with his current wife." These specific, cogent reasons adequately support the denial of status adjustment.[1]

Kaggwa also challenges the discretionary denial of voluntary departure. We lack jurisdiction over this issue unless Kaggwa raises "a colorable constitutional claim or question of law." *Garcia-Aguillon v. Mukasey*, 524 F.3d 848, 849 (8th Cir. 2008) (citations omitted). *See also* 8 U.S.C. § 1229c(f). His voluntary-departure point rests on the same argument he directs against the denial of his Form I-751, which at most is "a challenge to the IJ's discretionary and fact-finding exercises cloaked as a question of law." *Garcia-Aguillon*, 524 F.3d at 850. We accordingly dismiss Kaggwa's voluntary departure point for lack of jurisdiction.

\* \* \* \* \* \* \*

The petition for review is denied in part and dismissed in part.

_____

_____

[1] The IJ also premised the credibility finding on Kaggwa's demeanor. While the BIA did not adopt the demeanor findings, the other grounds independently support the IJ's conclusion.