NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0534n.06

No. 11-3429

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 23, 2012*

LEONARD GREEN, Clerk

| | |
|---|---|
| PATRYK MICHAL ADAMIAK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| ERIC H. HOLDER, JR., Attorney General, | ) |
| | ) |
| Respondent. | ) |
| | ) |

ON PETITION FOR REVIEW
FROM THE UNITED
STATES BOARD OF
IMMIGRATION APPEALS

BEFORE: SUTTON, McKEAGUE, and RIPPLE, Circuit Judges.[*]

**McKeague, Circuit Judge.** Patryk Michal Adamiak, a native and citizen of Poland, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider his application for cancellation of removal. For the following reasons, we dismiss in part and deny in part.

## I. Background

Adamiak entered the United States on or about December 13, 1983 as a refugee dependent; he was eventually adjusted to lawful permanent resident status retroactively. He was six years old at the time of his initial entry. Beginning in 1997, Adamiak had several run-ins with the law, which

---

[*]The Honorable Kenneth F. Ripple, Senior Circuit Judge of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

caused the Immigration and Naturalization Service ("INS")[1] to initiate removal proceedings against

him in 2002. The Immigration Judge ("IJ") found Adamiak removable on the grounds charged by

the INS and, further, that he was statutorily ineligible for cancellation of removal pursuant to 8

U.S.C. § 1229b(a) because he had been convicted of an aggravated felony.[2] Adamiak appealed. He

did not contest that he was removable but argued only that he had not been convicted of an

aggravated felony and was thus eligible for cancellation of removal. The BIA sustained Adamiak's

appeal, vacating and remanding the Immigration Judge's order. *See Matter of Adamiak*, 23 I. & N.

Dec. 878 (BIA 2006). On remand, the IJ found Adamiak had not been convicted of an aggravated

felony and was statutorily eligible to apply for cancellation of removal. A hearing was scheduled

to consider the merits of such application.

We now come to the proceedings relevant to this appeal. Having determined Adamiak

statutorily eligible for cancellation of removal, the IJ's sole remaining task was to determine

whether, in the exercise of discretion, cancellation of removal should be granted. A.R. at 156. At

the time of Adamiak's hearing, his criminal history consisted of convictions for theft and attempted

theft in 2000, a 2002 conviction for trafficking in cocaine in an amount less than 1 gram, two

convictions for driving under the influence (one in 2001 and one in 2006), and a 2008 conviction for

---

[1]In March 2003, the INS ceased to exist and transferred its functions to the Department of Homeland Security ("DHS").

[2]Section 1229b(a) of Title 8 of the United States Code provides that "[t]he Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony."

possession of less than 20 grams of marijuana. A.R. 157-58. Factors weighing in favor of cancellation of removal included Adamiak's long residence in the United States, his family members who are all U.S. citizens (except for his father who is a lawful permanent resident), his U.S. citizen fiancée (whom he has since married), his strong employment record, his ownership of property and payment of taxes, his volunteer work, and the hardship to him and his family if he were removed. A.R. 159-60. The IJ expressed concern over Adamiak's 2006 and 2008 convictions, which were incurred during the course of his removal proceedings, but found Adamiak partially rehabilitated. A.R. 158-60. The IJ ultimately found the positive equities to outweigh the negative and granted Adamiak's application for cancellation of removal. A.R. at 162-63.

DHS appealed. The BIA upheld the IJ's determination that Adamiak was statutorily eligible for cancellation of removal but found that Adamiak's negative equities outweighed his positive ones and vacated the portion of the IJ's decision finding that Adamiak merited cancellation of removal. A.R. at 25-27. On motion for reconsideration, the BIA adhered to its prior decision, with one board member dissenting. A.R. at 3-4. Adamiak appeals, arguing that the BIA (1) failed to follow its own precedent and (2) impermissibly engaged in its own factfinding rather than deferring to the factual findings of the IJ.

## II. Analysis

We are without jurisdiction to review the BIA's decision to deny cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review any judgment regarding the granting of relief under . . . [8 U.S.C.] § 1229b . . . ."); *Garza-Moreno v. Gonzales*, 489 F.3d 239, 242 (6th Cir. 2007). This jurisdictional bar, however, does not extend to "constitutional claims or

- 3 -

questions of law," 8 U.S.C. § 1252(a)(2)(D), or to "'[n]on-discretionary decisions . . . even where they underlie determinations that are ultimately discretionary.'" *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008) (quoting *Billeke-Tolosa v. Ashcroft*, 385 F.3d 708, 711 (6th Cir. 2004)). "[T]he choice by the BIA to disregard its own binding precedent—even when deciding an issue that *is* within its discretion—is *not itself* a discretionary decision Congress has excluded from review." *Id*. at 503; *see* 8 C.F.R. § 1003.1(g).

Thus, to the extent that Adamiak claims that the BIA did not follow its own binding precedent, we have jurisdiction. "That we may review a claim that the BIA ignored its own precedent . . . however, does not give us authority to second guess every choice the agency makes about how to apply uncertain or even conflicting precedents in a given context." *Aburto-Rocha*, 535 F.3d at 503. We give deference to the BIA's interpretations of its own precedents, "confin[ing] ourselves to asking whether the BIA reasonably construed and applied its own precedents in this case." *Id*.

Adamiak argues that the BIA failed to follow its own precedent of *Matter of C-V-T-*, 22 I. & N. Dec. 7 (BIA 1998), which sets out the favorable and unfavorable factors to be considered in applications for cancellation of removal. Among the unfavorable factors that are listed in *Matter of C-V-T-* is the existence of a criminal record, which should be examined in light of its "nature, recency, and seriousness." *Id.* at 11. Adamiak argues that the BIA erred by applying an improper standard when it concluded that the "number and recency" of his prior criminal convictions outweighed his positive equities.

We do not find that the BIA departed from its prior precedent, much less unreasonably so. The BIA cited and quoted from *Matter of C-V-T-* as the relevant controlling precedent and, pursuant to that case, weighed the positive and negative equities of Adamiak's case. We do not find "number and recency" to be a "new and previously unused standard," as Adamiak asserts. The number of prior criminal convictions may well be considered as part of the nature and seriousness of a petitioner's criminal record. And though Adamiak argues that this "new" standard raises troubling questions, such as the number of convictions an alien may accrue before triggering an adverse finding, we do not read the BIA's decision to impose a categorical rule regarding the number of criminal convictions that will deem an alien undeserving of cancellation of removal. Rather, pursuant to the "totality of the evidence" standard set out in *Matter of C-V-T-*, the BIA determined that, in this particular case, Adamiak's prior criminal convictions outweighed his positive equities.

Adamiak next argues that the BIA failed to address all of the positive factors that *Matter of C-V-T-* lists as relevant and that this constitutes a failure to follow precedent. Unlike Adamiak's claim that the BIA applied an incorrect legal standard, this claim is one over which we lack jurisdiction. Once we have determined that the BIA applied the correct legal standard, "we lack jurisdiction over claims that the [BIA] failed to consider or put insufficient emphasis on particular factors in the Petitioner's case." *Ettienne v. Holder*, 659 F.3d 513, 518 (6th Cir. 2011). Such a claim does not raise a question of law or nondiscretionary issue but is "merely an objection to the weight the BIA assigned his evidence," which "'amounts to nothing more than a challenge to the [BIA's] discretionary . . . exercise[] cloaked as a question of law.'" *Farraj v. Holder*, 316 F. App'x 398, 400 (6th Cir. 2009) (quoting *Garcia-Aguillon v. Mukasey*, 524 F.3d 848, 850 (8th Cir. 2008)).

Lastly, Adamiak contends that the BIA violated 8 C.F.R. § 1003.1(d)(3)(i) by impermissibly engaging in its own factfinding rather than deferring to the factual findings of the IJ.[3] This assertion is unsupported by the record and is simply a roundabout way of challenging the BIA's weighing of the facts. The BIA did not disturb the IJ's findings of fact but determined, based on the facts found by the IJ, that Adamiak did not merit a discretionary grant of relief. The Board acted within its authority in reviewing the IJ's discretionary determination de novo. 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo."); *see also Wallace v. Gonzales*, 463 F.3d 135, 140-41 (2d Cir. 2006).

### III. Conclusion

To the extent that the petition challenges the BIA's discretionary weighing of factors, we dismiss for lack of jurisdiction. We deny the remainder of the petition for lack of merit.

---

[3]Title 8 C.F.R. § 1003.1 provides that "[t]he Board will not engage in de novo review of findings of fact determined by an immigration judge. Facts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous."