**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0506n.06

Case No. 18-4208

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>MARCOS RIOS-RIOS,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Petitioner,</td><td>)</td></tr>
<tr><td></td><td>)</td><td>ON PETITION FOR REVIEW</td></tr>
<tr><td>v.</td><td>)</td><td>FROM THE UNITED STATES</td></tr>
<tr><td></td><td>)</td><td>BOARD OF IMMIGRATION</td></tr>
<tr><td>WILLIAM P. BARR, Attorney General,</td><td>)</td><td>APPEALS</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Respondent.</td><td>)</td></tr>
</table>

**FILED**
Oct 09, 2019
DEBORAH S. HUNT, Clerk

BEFORE: SUTTON, COOK, and THAPAR, Circuit Judges.

COOK, Circuit Judge. An immigration judge granted Marcos Rios-Rios a cancellation of removal, but the Board of Immigration Appeals vacated the IJ's order. Rios-Rios petitions for review of the Board's decision. We dismiss in part and deny in part his petition.

**I.**

Rios-Rios, a native and citizen of Mexico, illegally entered the United States in 2003. Since then, he has lived in Michigan with his wife and three U.S. citizen children. In 2014, the government instituted removal proceedings against him. Despite finding Rios-Rios eligible for removal, the IJ granted him a discretionary cancellation of removal, citing the children's financial dependence on their father and other factors.

The Board, however, saw things differently. It reweighed the facts and found Rios-Rios ineligible for relief, vacating the IJ's order.

**II.**

When the Board "does not summarily affirm or adopt the IJ's reasoning and provide[s] an explanation for its decision, we review the [Board's] decision as the final agency determination." *Fang Huang v. Mukasey*, 523 F.3d 640, 651 (6th Cir. 2008) (internal quotation marks omitted). We treat the Board's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Thap v. Mukasey*, 544 F.3d 674, 676 (6th Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)). We uphold the Board's decision "if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir. 2001) (internal quotation marks omitted).

**III.**

In general, the government can deport a noncitizen unlawfully in the United States. 8 U.S.C. § 1227(a). But the Board—acting for the Attorney General—can relieve qualifying noncitizens from deportation through cancellation of removal. *See id.* § 1229b(b). The Board held that Rios-Rios failed to qualify for cancellation relief because his removal would not cause his children "exceptional and extremely unusual hardship," a necessary showing here. *See id.* § 1229b(b)(1)(D). Rios-Rios challenges that decision on two grounds: (1) the Board misapplied its own precedent; and (2) the Board improperly failed to accept the IJ's factual findings. We take each in turn, finding both unavailing.

A broad jurisdictional bar limits our review in this area: 8 U.S.C. § 1252(a)(2)(B) precludes courts from reviewing denials of cancellation relief and other decisions left to the Attorney General's discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i)–(ii); *Aburto–Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008). But the jurisdictional bar admits of a few narrow exceptions, and Rios-Rios attempts to position his arguments among them. We retain jurisdiction to review constitutional claims, questions of law, and "non-discretionary decisions." 8 U.S.C.

§ 1252(a)(2)(D); *Aburto–Rocha*, 535 F.3d at 502. Rios-Rios casts his arguments as challenges to non-discretionary decisions.

Even with the arguments so framed, we carefully consider whether an exception to the jurisdictional bar applies. *See Perez-Roblero v. Holder*, 431 F. App'x 461, 466 (6th Cir. 2011); *Farraj v. Holder*, 316 F. App'x 398, 400 (6th Cir. 2009). Mere labeling is not enough. *Reyes v. Holder*, 410 F. App'x 935, 939 (6th Cir. 2011). If a claim "amounts to nothing more than a challenge to the IJ's discretionary and fact-finding exercises cloaked as a question of law," we have no jurisdiction. *Farraj*, 316 F. App'x at 400 (quoting *Garcia–Aguillon v. Mukasey*, 524 F.3d 848, 850 (8th Cir. 2008)).

**A.**

First, Rios-Rios argues that the Board misapplied its own precedent in considering certain evidence. Before the IJ, Rios-Rios testified that a man in Mexico killed his father (in 1992) and uncle (in 2016), and that he fears returning to Mexico because the same man—who may harbor a belief that Rios-Rios wants revenge—could try to kill him. The Board acknowledged this testimony but concluded that it fell short because "adverse country conditions are generally insufficient, in themselves, to satisfy the exceptional and extremely unusual hardship standard." AR at 5–6 (citing *In re Andazola*, 23 I. & N. Dec. 319, 323 (BIA 2002)).

To combat this conclusion, Rios-Rios points to the same case, *Andazola*. There, the Board noted that hardships "not substantially different from those that would normally be expected upon removal to a less developed country" generally do not show extremely unusual hardship. *Andazola*, 23 I. & N. Dec. at 324. Relying on that language, Rios-Rios argues that his would-be assailant constitutes a specific danger to him that is "substantially different" from the general risk of crime in Mexico, and that the Board thus misapplied *Andazola* by concluding otherwise.

Rios-Rios misunderstands the Board's discussion of the threat. The disputed sentence citing *Andazola* builds a syllogism:

- The major premise: adverse country conditions do not meet the hardship standard unless they are exceptional and extremely unusual (the Board appropriately cites *Andazola* as authority);

- The implicit minor premise: the threat posed by the would-be assailant is not an exceptional or extremely unusual adverse country condition;

- The conclusion: Rios-Rios cannot satisfy the hardship standard by pointing to the threat of the would-be assailant.

The Board did not—as Rios-Rios suggests—erroneously equate his unusual hardship with a generalized country condition. Nor did the Board misconstrue *Andazola* as requiring it to disregard *any* adverse country condition. The Board considered the threat and simply decided that the two killings and Rios-Rios's belief that the killer might wish to harm him did not establish a sufficiently severe hardship to his children. That's a conclusion about the weight of evidence. The Board in its discretion may reweigh the facts of a case, and we cannot disturb such discretionary decisions. *See Rodriguez v. Lynch*, 614 F. App'x 266, 269 (6th Cir. 2015). Rios-Rios's challenge to the Board's decision thus amounts to an attack on the Board's weighing of the facts cloaked as an attack on a "non-discretionary decision"; it falls beyond our jurisdiction. *See Ortiz–Cervantes v. Holder*, 596 F. App'x 429, 432 (6th Cir. 2015) (citing 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D)). We dismiss that portion of the petition.

**B.**

The Board applies the clear-error standard of review to the IJ's factual findings. 8 C.F.R. § 1003.1(d)(3)(i). Rios-Rios argues that the Board violated that standard in departing from the IJ's findings. Whether the Board employed the correct standard of review constitutes a question of law over which this court has jurisdiction. *Hussam F. v. Sessions*, 897 F.3d 707, 721 (6th Cir.

2018). Specifically, Rios-Rios contends that in discussing the expected hardships in Mexico the Board erred in finding that his and his wife's relatives could "assist" in the transition to Mexican life despite the IJ's allegedly contrary finding that the Rios-Rioses "will have no family support" in Mexico.

The alleged contradiction is no contradiction at all. In discussing potential hardships resulting from deporting Rios-Rios, the IJ noted that his children faced a "precarious financial situation" if they remained in the United States with their mother. If the children instead accompanied Rios-Rios to Mexico, the IJ continued, "[t]hey will have no family support there, regardless of where they go to live." The proximity and parallel structure of these two findings suggest that the IJ referred specifically to the lack of *financial* support in Mexico. The Board's statement that the family's relatives "can assist [the family], *albeit perhaps not financially*, in their transition to life" in Mexico echoes the IJ's finding, rather than contradicts it. And even if the IJ did mean that the family's relatives in Mexico would refuse to provide any type of assistance, the Board reasonably construed the IJ's finding to refer only to financial assistance. We thus discern no error here, clear or otherwise.

**IV.**

We **DISMISS IN PART** and **DENY IN PART** the petition.