**Carlos Roberto ERAZO–ARTICA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74428.**
**Agency No. A77–621–969.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 13, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

162

Carlos Roberto Erazo–Artica, Los Angeles, CA, pro se.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Dana J. Martin, Attorney, Paul Fiorino, U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM**

Carlos Roberto Erazo–Artica, a native and citizen of Honduras, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his motion for administrative closure of removal proceedings pending adjudication of his application for Temporary Protected Status ("TPS"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and due process claims, *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002), and we deny the petition for review.

■ The BIA correctly determined that, because the Immigration and Naturalization Service objected to Erazo–Artica's motion for administrative closure of the removal proceedings, the IJ lacked discretion to grant the motion. *See Matter of Gutierrez–Lopez*, 21 I & N Dec. 479, 480, 1996 WL 413581 (BIA 1996) ("A case may not be administratively closed if opposed by either of the parties.").

■ Erazo–Artica further contends that his pending application for TPS deprived

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the IJ jurisdiction over the removal proceedings. We disagree. Nothing in the statute or regulations governing TPS precludes the initiation of a removal proceeding while an application is pending. *Cf.* 8 U.S.C. § 1254a(f)(1) (an alien granted TPS "shall not be considered to be permanently residing in the United States under color of law"); *Yao v. INS,* 2 F.3d 317, 319 (9th Cir.1993) (holding that alien's pending application for legalization of immigration status as a Special Agricultural Worker did not preclude initiation of deportation proceedings or entry of deportation order, but did prohibit execution of the deportation order until final determination on the application).

▉ Moreover, the government concedes that Erazo–Artica has been granted "temporary treatment benefits" that prohibit his removal from the United States and permit him to work until a final decision is made on his pending TPS application. *See* 8 U.S.C. §§ 1254a(a)(1) & 1254a(a)(4)(B) (the government shall not remove an alien who establishes prima facie eligibility for TPS pending final determination on TPS application); *accord* 8 C.F.R. § 244.10(e)(1)(i) (recipient of temporary treatment benefits is entitled to temporary stay of deportation and employment authorization); 8 C.F.R. §§ 244.10(e)(2) and 244.13(a) (temporary treatment benefits remain in effect until final decision on TPS application).

Finally, we reject Erazo–Artica's contentions that (1) the IJ improperly issued a summary decision, and (2) he received ineffective assistance of counsel at his removal hearings. Erazo–Artica has not demonstrated prejudice because he has not shown that these alleged due process violations affected the outcome of the proceedings or prevented him from reasonably presenting his case. *See Iturribarria v. INS,* 321 F.3d 889, 899–900 (9th Cir.2003); *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**