**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1115n.06

No. 10-3885

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Oct 30, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOSE FILADELFO IRAHETA, aka Jose Filadelfo Iraheta Larreynaga | ) ) ) | |
| Petitioner, | ) ) | ON APPEAL FROM THE BOARD OF IMMIGRATION APPEALS |
| v. | ) ) | |
| ERIC H. HOLDER, JR., Attorney General, | ) ) | |
| Respondent. | ) | |

BEFORE:  ROGERS and STRANCH, Circuit Judges, and PEARSON, District Judge.[*]

ROGERS, Circuit Judge.  Jose Filadelfo Iraheta, a citizen of Honduras, petitions for review of the denial of his application for cancellation of removal.  Iraheta argues that the Government failed to promptly notify him that he may be eligible for Temporary Protected Status (TPS).  Iraheta also argues that the Immigration Judge (IJ) and Board of Immigration Appeals (BIA) failed to consider or give sufficient weight to certain factors in finding that his United States citizen son would not suffer exceptional and extremely unusual hardship due to his removal.

Iraheta's petition is without merit.  First, while the Government did not promptly notify Iraheta that he may be eligible for TPS, this error did not prejudice Iraheta because he still applied for TPS and applying sooner would not have prevented the Government from still seeking, and even

---

[*]The Honorable Benita Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

obtaining, a removal order. Second, we lack jurisdiction to review Iraheta's argument that the IJ and

BIA erred in denying his cancellation of removal application.

I.

Iraheta entered the United States illegally in April 1993. AR at 244. A few months later,

Iraheta applied for asylum with the Immigration and Naturalization Service but his application was

denied. *Id.* at 324-28. Nevertheless, Iraheta remained in the United States for several years. Then,

in April 2008, the Department of Homeland Security (DHS) initiated removal proceedings against

Iraheta by issuing him a Notice to Appear before an IJ on the charge that he was present in the

United States without being admitted or paroled. *Id.* at 358. The Government, however, did not

notify Iraheta that he could apply for TPS because Honduras was designated a TPS country in 1999

due to the environmental disaster there caused by Hurricane Mitch.

In October 2008, Iraheta appeared before the IJ and conceded removability but announced

his intention to apply for cancellation of removal under 8 U.S.C. § 1229b. AR at 89-91. The IJ

continued Iraheta's hearing but did not notify him that he may be eligible for TPS. *Id.* at 91-92.

In June 2009, Iraheta appeared before the IJ for his merits hearing and sought cancellation

of removal. AR at 98, 105-06. Iraheta argued that if he was removed from the country his 11-year-

old United States citizen son would suffer hardship. Iraheta testified that, although the boy lived

with his mother, Iraheta saw him once a week and provided him with some financial support. *Id.*

at 110-11. Iraheta also testified that he provided his son with health insurance, which his son used

to obtain medication for his attention deficit disorder, oppositional defiant disorder, and asthma. *Id.*

at 111, 139-40. Iraheta then added that if he was sent back to Honduras he would not be able to find

a job, may not be able to adequately treat his own health problems, and would only have limited contact with his son. *Id.* at 112-15.

After the merits hearing, the IJ denied Iraheta's application for cancellation of removal. AR at 64-84. The IJ found that while Iraheta had been continuously present in the United States for at least ten years, had a good moral character during that period, and had not been convicted of any disqualifying offenses, he failed to establish that his removal would result in "exceptional and extremely unusual hardship" to his son, as required by 8 U.S.C. § 1229b(b). The IJ acknowledged that, as a result of Iraheta's removal, Iraheta's son would face some financial hardship, would have less expansive health insurance through his mother's employer, and would miss his father. *Id.* at 77-81. But the IJ found that these difficulties "[did] not rise to the level of exceptional and extremely unusual hardship, as is required to receive a grant of cancellation of removal." *Id.* at 83. Accordingly, the IJ denied Iraheta's cancellation of removal application and "ordered that [he] be removed from the United States and returned to the country of Honduras." *Id.* at 84.

In July 2009, Iraheta appealed the IJ's decision to the BIA. AR at 54. In his Notice of Appeal, Iraheta challenged the IJ's finding that he failed to establish the requisite hardship to his son to qualify for cancellation of removal. *Id.* at 55.

According to Iraheta, in August 2009, while his appeal was pending before the BIA, he filed an I-821 application for TPS with the United States Citizenship and Immigration Services (USCIS) and his application remains pending.[1]

---

[1] Iraheta also suggests that he may have already been granted TPS. However, the only evidence in the record to support this claim is a photocopy of ten employment authorization cards

In October 2009, Iraheta filed a brief in support of his appeal before the BIA. AR at 15-23. In his brief, Iraheta argued "that the IJ committed a reversible error in evaluating, and omitting some, facts from the record in reaching the conclusion that [Iraheta's] qualifying relative would not suffer the required hardship to warrant a grant of a Cancellation of Removal." *Id.* at 22.

In June 2010, the BIA affirmed the IJ's decision. AR at 3-4. While the BIA recognized that Iraheta's "removal would result in some hardship to his son," it agreed with the IJ that "the level of hardship falls short of the 'exceptional and extremely unusual' standard." *Id.* at 3. Accordingly, the BIA dismissed Iraheta's appeal. *Id.* at 4.

Iraheta appealed the BIA's decision to this court. Iraheta then moved to stay his removal pending a decision on the merits. In response, the Government moved to dismiss Iraheta's appeal for lack of jurisdiction. A panel of this court denied both motions, holding that it had jurisdiction over Iraheta's appeal and could not conclude that Iraheta had a likelihood of success on appeal. After the parties filed their briefs, Iraheta renewed his motion to stay his removal. A different panel of this court granted Iraheta's motion. The panel found that the Government failed to promptly notify Iraheta that he may be eligible for TPS and, as a result, Iraheta faced the possibility of being removed to Honduras while his TPS application remained pending. Accordingly, the panel stayed Iraheta's removal pending a decision on the merits.

II.

---

issued to Iraheta from March 17, 1998 through October 8, 2009. AR at 285. Since there are many ways that an individual can obtain an employment authorization card, and Iraheta received his first card before Honduras was even designated a TPS country, Iraheta has not established that he has already been granted TPS.

A.

As an initial matter, it appears that Iraheta is correct that the Government failed to promptly notify him that he may be eligible for TPS. At the time the Government initiated removal proceedings against Iraheta, Honduras was designated a TPS country due to the environmental disaster there caused by Hurricane Mitch. Therefore, pursuant to the Immigration and Nationality Act (INA), the Government was required to "promptly notify [Iraheta] of the temporary protected status that may be available." 8 U.S.C. § 1254a(a)(3)(B). The Government, however, concedes that it did not give Iraheta this notice. Instead, the Government moved forward with removal proceedings against Iraheta and the IJ ordered him removed without telling him that he may be eligible for TPS. The Government now states that the IJ committed a "procedural error" by not providing Iraheta with this notice.

While Iraheta argues that this error amounts to a violation of his due process rights, the Government is correct that the error did not prejudice Iraheta. Shortly after the IJ rendered his decision, Iraheta applied for TPS and his application remains pending to this day. Thus, Iraheta has not been denied the opportunity to seek TPS. And even if Iraheta had been given proper notice, and he applied for TPS immediately after being ordered to appear before the IJ, the Government still could have moved forward with removal proceedings. This is because "[n]othing in the statute or regulations governing TPS precludes the initiation of a removal proceeding while an application is pending." *Erazo-Artica v. Ashcroft*, 81 F. App'x 161, 163 (9th Cir. 2003). Likewise, an individual's pending application for TPS does not deprive an IJ of jurisdiction over removal proceedings. *Id.* at 162-63. In fact, the Fifth Circuit has recognized that, even if an individual has been granted TPS,

- 5 -

the Government can still move forward with removal proceedings and even secure a removal order; the Government just cannot execute that order until the individual's TPS expires. *See Alvarado-Molina v. I.N.S.*, No. 00-60579, 2002 WL 432384, at *4 (5th Cir. Feb. 25, 2002). In sum, while the Government did not promptly notify Iraheta that he may be eligible for TPS, this error did not prejudice Iraheta because he still applied for TPS and applying sooner would not have prevented the Government from still seeking, and even obtaining, a removal order. Thus, Iraheta's due process claim is unavailing.

B.

Iraheta next argues that the IJ and BIA erred in denying his cancellation of removal application for two reasons. First, Iraheta claims that the IJ and BIA failed to consider the dangers that his son would face should he attempt to visit his father in Honduras, a designated TPS country. Second, Iraheta claims that the IJ failed to give enough weight to the possibility that he may become incapacitated or die if he does not obtain his medication in Honduras.

We lack jurisdiction to review the denial of Iraheta's cancellation of removal application. The INA clearly states that "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," the provision regarding cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). Indeed, our court has repeatedly recognized that the INA "specifically divests jurisdiction of a court to review judgments regarding the granting of discretionary relief, including the cancellation of removal." *Morales-Flores v. Holder*, 328 F. App'x 987, 989 (6th Cir. 2009) (quoting *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 703 (6th Cir. 2005)). Therefore, since

Iraheta simply seeks review of the denial of his application for cancellation of removal, we lack jurisdiction to review his claims.

Iraheta is correct that, under the INA, this court has jurisdiction to consider constitutional claims or questions of law raised within a petition for review. *Reyes v. Holder*, 410 F. App'x 935, 938 (6th Cir. 2011) (citing 8 U.S.C. § 1252(a)(2)(D)). But, despite Iraheta's claim to the contrary, these exceptions to the statutory preclusion of review do not apply in this case. Here, Iraheta argues that the IJ and BIA failed to consider or give sufficient weight to certain factors in finding that his son would not suffer exceptional and extremely unusual hardship due to his removal. This argument amounts to nothing more than a challenge to the agency's discretionary and fact-finding exercises. Such an objection to the agency's consideration and weighing of facts is not within our jurisdiction to review. *See Reyes*, 410 F. App'x at 938. As we stated recently in a cancellation of removal case: "we lack jurisdiction over claims that the IJ failed to consider or put insufficient emphasis on particular factors." *Ettienne v. Holder*, 659 F.3d 513, 518 (6th Cir. 2011). Accordingly, we do not have jurisdiction to review the denial of Iraheta's request for cancellation of removal.

C.

In the end, Iraheta faces a properly entered removal order. However, according to Iraheta, his TPS application remains pending before the USCIS. Although Iraheta is not entitled to relief from this court, our decision does not prevent him from seeking an administrative stay of removal pending a decision on his TPS application. Indeed, the Government acknowledges that, "[s]hould immigration officers seek to remove [Iraheta] before USCIS adjudicates his application, he may seek a stay of removal from DHS. *See* 8 C.F.R. §§ 241.6, 1241.6."

## III.

For the foregoing reasons, we dismiss Iraheta's petition.