PER CURIAM.
Pedro Flores-Cedra, a Mexican citizen, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an immigration judge (IJ) denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(l).
Flores-Cedra was born in Mexico in 1972. He last entered this country in 1996, after having been removed on more than one occasion, and has remained since that time. He worked as a bricklayer, supporting his wife and five children, four of whom are United States citizens. Upon being placed in removal proceedings, he applied for the above relief, which is available to applicants who have been present in this country for ten years, have been of good moral character, have no disqualifying convictions, and whose qualifying relatives, in this case, the four citizen children, would suffer exceptional and extremely unusual hardship if the applicant were removed.
After a hearing at which Flores-Cedra, his brother and his son testified, the IJ concluded that Flores-Cedra had not demonstrated that his citizen children would suffer extraordinary and extremely unusual hardship if they accompanied him to Mexico. The IJ found that the lower standard of living and fewer educational opportunities in Mexico were not unusual consequences of relocation outside the United States in most cases, and that Flores-Cedra had not shown that his children would likely be victims of violent crime. On appeal to the BIA, Flores-Cedra also moved to remand the case to the IJ to consider a new travel warning issued by the Department of Homeland Security after the IJ’s decision. Unlike the previous travel warning already in the record, the new warning mentioned violent crime in the state of Zacatecas, where Flores-Ce-dra’s family lived. It referred specifically to several cities, but not the city where Flores-Cedra’s family lived, and to the northwest part of Zacatecas, while Flores-Cedra’s family lived in the southeast part. The BIA agreed with the IJ’s decision and dismissed the appeal. In response to the new information, the decision noted that Flores-Cedra could also move to a less dangerous part of Mexico. The motion to remand was also denied, with the BIA concluding that the new information would not change the result.
In his brief before this court, Flores-Cedra argues that the BIA erred in discussing his ability to relocate within Mexico, contending that such a factor is relevant only in cases seeking asylum relief, not cancellation of removal. He also challenges the BIA’s denial of his motion to remand. The respondent argues that the petition for review should be dismissed for lack of jurisdiction.
We lack jurisdiction to review the discretionary decision to deny cancellation of removal on the ground that the requisite extraordinary and extremely unusual hardship has not been established, and retain jurisdiction only to address questions of law that do not involve analysis of the factors for eligibility. Ettienne v. Holder, 659 F.3d 513, 517-18 (6th Cir.2011). The only arguable issue of law raised in this case is Flores-Cedra’s argument that the BIA cannot consider wheth *391 er he could relocate within Mexico, as that issue is only relevant to applications for asylum. This argument is not supported by the case law. See Ramirez-Garay v. Holder, 490 Fed.Appx. 816, 818-19 (7th Cir.2012) (discussing whether petitioner could relocate to another part of Mexico to avoid danger in cancellation of removal case); Moran-Hernandez v. Atty. Gen. of U.S., 294 Fed.Appx. 726, 728 (3d Cir.2008) (BIA considered availability of relocation in a cancellation of removal case). Flores-Cedra’s argument that the BIA decided similar cases without consideration of the ability to relocate is not reviewable, as the BIA may come to a different result in factually similar cases in the exercise of its discretion. Ettienne, 659 F.3d at 518.
We also lack jurisdiction to review the denial of a motion to reopen or remand in a cancellation of removal case, unless the motion raised a new hardship ground not decided in the original decision. Cruz-Mayaho v. Holder, 698 F.3d 574, 576-77 (7th Cir.2012); Fernandez v. Gonzales, 439 F.3d 592, 601-03 (9th Cir.2006). Moreover, even if jurisdiction existed, the BIA did not abuse its discretion in denying the motion on the ground that the result would not be changed by the new information, because the evidence supporting a motion to reopen or remand must be material. See Allabani v. Gonzales, 402 F.3d 668, 675-76 (6th Cir.2005).
Accordingly, we dismiss the petition for review for lack of jurisdiction.