NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0069n.06

No. 14-3390

UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 22, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARCOS ORTIZ-CERVANTES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED |
| ERIC H. HOLDER, JR., | ) | STATES BOARD OF |
| | ) | IMMIGRATION APPEALS |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, CLAY, and ROGERS, Circuit Judges.

**SUHRHEINRICH, Circuit Judge.**

Petitioner Marcos Ortiz-Cervantes (Ortiz) seeks review of the final order of the Board of Immigration Appeals (BIA), dismissing his appeal from the immigration judge's (IJ) decision granting voluntary departure, and denying his motion to remand for further consideration of application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). We dismiss for lack of jurisdiction.

**I.**

Ortiz is a native and citizen of Mexico. On August 7, 2009, the United States Citizenship and Immigration Service (USCIS) issued a Notice to Appear charging Ortiz with removability as an alien present without having been admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i). At

a hearing on January 7, 2010, before the IJ, Ortiz admitted the factual allegations against him and conceded removability. He further alleged that he entered the United States in July 1999 and had not departed since his arrival.

Ortiz sought cancellation of removal for certain non-permanent residents, pursuant to 8 U.S.C. § 1229b(b)(1). Ortiz alleged that he was eligible for cancellation of removal on the basis of his two U.S. citizen children, Michael and Aliana. On September 21, 2011, the IJ found Ortiz removable as charged and denied his application for cancellation of removal. The IJ found that while Ortiz had good moral character and did not have a disqualifying criminal conviction, he had failed to meet his burden of demonstrating his continuous physical presence in the United States of not less than ten years, as well as exceptional and extremely unusual hardship to a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(A)-(D). The IJ noted that neither child lived with Ortiz and he does not pay child support for either child. Further, Michael had been adopted by another individual, and Aliana was in the custody of her grandmother. The IJ found that Ortiz "provided absolutely no documentation with regard to any hardship that would result to any of his U.S. citizen relatives which would qualify for" the hardship requirement. AR 150. The IJ granted Ortiz's request for voluntary departure.

Ortiz appealed the IJ's decision to the BIA. On May 9, 2013, the BIA dismissed his appeal, agreeing with the IJ that Ortiz failed to establish the requisite hardship for cancellation of removal. For this reason, the BIA did not address the continuous presence requirement. The BIA remanded to the IJ to grant a new period of voluntary departure and to advise Ortiz to file proof of having paid the required bond.

As instructed, the IJ advised Ortiz regarding voluntary departure at a hearing on July 11, 2013, and granted a new period of voluntary departure.

Ortiz appealed that order to the BIA, and requested a remand "based on newly-available evidence acquired after his original hearing" of the hardship requirement. AR 15. Ortiz claimed that he was eligible for cancellation of removal on the basis of another U.S. citizen son, Ethan, born on May 29, 2012, who suffers from severe asthma that often requires treatment with a nebulizer machine, and noted that the condition would likely continue through childhood. Ortiz offered medical records and affidavits in support, including proof that Ethan had been hospitalized three times from October 2012 through March 2013 for that serious medical condition. Ortiz alleged that Ethan required more care than the average infant without breathing problems. Further, Ortiz claimed that due to his need for intensive monitoring of his breathing and wheezing, complicated administration of nebulizer treatments and medications, hospital inpatient admissions, and physician follow-up care appointments, Ethan's mother, Ms. Wilson, cannot work and Ortiz was solely responsible for financial support. Ortiz claimed that Ethan's loss of his father and sole financial support would cause exceptional and extreme hardship given his extremely serious medical condition. Ortiz stated that if Ethan accompanied him to Mexico, "it would undoubtedly exacerbate his asthma symptoms, presumably due to Mexico's climate and the inability to access the same level of medical care in Mexico as in the United States." AR 18–19.

Ortiz also indicated in his brief that during the hearing, neither the IJ nor his attorney informed him that any other grounds for relief, such as another qualifying relative through whom the requisite hardship could be established, could be considered at the time. AR 11. Ortiz "move[d] for the BIA to remand to the Immigration Judge for further proceedings in light of this

new evidence," pursuant to 8 C.F.R. § 1003.2(c)(4).[1]   AR 8.   Thus, Ortiz asked the BIA to

"sustain the appeal and grant him the opportunity to re-apply for cancellation of removal in light

of the previously unavailable new and material evidence" or, instead, to have the voluntary

departure period reinstated.  AR 22.

In its opinion, the BIA noted that the proceedings "were remanded for the sole purpose of

voluntary departure and not to explore other forms of relief."  AR 3.  The BIA remarked that the

IJ was not obligated to question Ortiz about potential changes in his personal circumstances or

new eligibility for relief.  AR 3.[2]   The BIA added that neither Ortiz nor his attorney raised the

issue of a new qualifying relative to the IJ, even though Ortiz's son was born on May 29, 2012,

while his previous appeal was still pending before the BIA.  AR 3.  Moreover, the evidence

submitted concerning his son was not new or previously unavailable.  In any event, the BIA held

that "the limited hardship evidence presented is not sufficient to establish that the respondent's

son's asthma is a particularly serious condition that would rise to level [sic] of exceptional and

extremely unusual."  AR 3. The BIA further concluded that Ortiz had not submitted any new

evidence to rebut the IJ's finding that he had failed to establish continuous physical presence.  *Id.*

The BIA denied Ortiz's request for a remand and reinstated the voluntary departure based upon

Ortiz's payment of the required bond.

---

[1] Although characterized as a request for a remand, it is clear that Ortiz also moved the BIA to reopen the proceedings, pursuant to 8 C.F.R. § 1003.2(c)(4), which he cited. *See* 8 C.F.R. § 1003.2(c)(4) ("A motion to reopen a decision rendered by an Immigration Judge or Service officer that . . . is filed while an appeal is pending before the Board, may be deemed a motion to remand for further proceedings before the Immigration Judge or the Service officer from whose decision the appeal was taken. Such motion may be consolidated with, and considered by the Board in connection with, the appeal to the Board.").

[2] The BIA also indicated that it was "not persuaded by the respondent's assertion that the Immigration Judge did not question him regarding any potential changes in his eligibility for relief," AR 3, but did not base its decision on this conclusion.

On appeal, Ortiz contends that the IJ and BIA violated his Fifth Amendment due process rights by failing to take into account "all factors present," which "if considered as a whole," establish that his removal would result in exceptional and extremely unusual hardship for his son Ethan, as well as "abundance of evidence" demonstrating ten years of continuous physical presence in the United States. The government asserts that we lack jurisdiction over this appeal.

## II.

### A.

When the BIA reviews the IJ's decision and issues a separate opinion, rather than summarily affirming the IJ's decision, we review the BIA's decision as the final agency determination. *Al-Ghorbani v. Holder*, 585 F.3d 980, 991 (6th Cir. 2009). "To the extent that the BIA has adopted the IJ's reasoning, however, we also review the IJ's decision." *Id.*

### B.

We lack jurisdiction to review the discretionary decision to deny cancellation of removal on the ground that the requisite exceptional and extremely unusual hardship has not been met. Our jurisdiction is limited to questions of law that do not require us to analyze the factors for eligibility. 8 U.S.C. §§ 1252(a)(2)(B)(i), (a)(2)(D); *Ettienne v. Holder*, 659 F.3d 513, 517–18 (6th Cir. 2011); *Flores-Cedra v. Holder*, 572 F. App'x 389, 390 (6th Cir. 2014) (per curiam). Ortiz's argument that Ethan's asthma establishes the requisite hardship for cancellation of removal is in essence a challenge to the BIA's discretionary weighing of the evidence. However, this court's jurisdiction does not extend to "weighing of the evidence that . . . would effectively eliminate the jurisdictional bar on review of denials of cancellation of removal." *Ettienne*,

659 F.3d at 517; *id.* at 518 (stating that "we lack jurisdiction over claims that the IJ failed to consider or put insufficient emphasis on particular factors in the [p]etitioner's case"); *Iraheta v. Holder*, 503 F. App'x 362, 365–66 (6th Cir. 2012) (holding that the court lacked jurisdiction over the petitioner's objection that the IJ and BIA failed to consider or give sufficient weight to certain factors regarding hardship to son due to the petitioner's removal). Furthermore, Ortiz's invocation of his Fifth Amendment right to due process is a nonstarter because he does not have a constitutionally-protected liberty or property interest in the discretionary relief of cancellation of removal. *See Patel v. Ashcroft*, 401 F.3d 400, 404 (6th Cir. 2005) (noting that cancellation of removal is "a remedy that is discretionary at all events"); *Ali v. Ashcroft*, 366 F.3d 407, 412 (6th Cir. 2004) (holding that the failure to grant discretionary relief such as voluntary departure does not amount to a deprivation of a liberty interest).[3]

Likewise, "[w]e also lack jurisdiction to review the denial of a motion to reopen or remand in a cancellation of removal case, unless the motion raised a new hardship ground not decided in the original decision." *Flores-Cedra*, 572 F. App'x at 391 (citing *Cruz-Mayaho v. Holder*, 698 F.3d 574, 576–77 (7th Cir. 2012); *Fernandez v. Gonzales*, 439 F.3d 592, 601–03 (9th Cir. 2006)); *see also Pilica v. Ashcroft*, 388 F.3d 941, 948 (6th Cir. 2004) (holding that the court has jurisdiction over a denial of a motion to remand that does not involve consideration of relief on the merits; noting the "importance of a small safety valve in the form of court review to ensure that the BIA lives by its rules and at least considers new information"). Ethan's asthma is arguably a new hardship ground. However, the BIA found that it was "neither new nor previously unavailable" as required by 8 C.F.R. § 1003.2(c)(1). AR 3. To the extent this ruling by the BIA involves a nondiscretionary decision, i.e., whether the evidence was not new or

---

[3] Ortiz does not challenge the BIA's ruling that the IJ was not required to inquire on remand whether there were any new grounds for cancellation of removal.

previously unavailable per 8 C.F.R. § 1003.2(c)(1), we assume for purposes of argument that we may review the determination. *See Fernandez*, 439 F.3d at 600 ("Section 1252(a)(2)(B)(i) permits the exercise of jurisdiction in cases in which the BIA rules that a motion to reopen fails to satisfy procedural standards such as the evidentiary requirements specified in 8 C.F.R. § 1003.2(c)(1), but bars jurisdiction where the question presented is essentially the same discretionary issue originally decided." (footnote omitted)) ; *see also id.* at 601–02 ("An example would be the submission of evidence subsequent to a denial of cancellation of removal, concerning a newly-discovered, life-threatening medical condition afflicting a qualifying relative."). The BIA did not abuse its discretion in this regard because it is undisputed that Ethan was born March 29, 2012, while Ortiz's first appeal to the BIA was pending and thus prior to the second hearing before the IJ.[4]

In the end, Ortiz's motion to remand ultimately implicates the decision of the BIA that "the limited hardship evidence presented [was] not sufficient to establish that [Ethan's] asthma is a particularly serious condition" that met the hardship requirement of § 1229b(b)(1)(D). AR 3. We dismiss this appeal for lack of jurisdiction. *See Ferndandez*, 439 F.3d at 596-603 ("If . . . the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief, § 1252(a)(2)(B)(i) precludes our visiting the merits, just as it would if the BIA had affirmed the IJ on direct appeal. Otherwise, petitioners could make an end-run around the bar to review of their direct appeals simply by filing a motion to reopen."); *Rodriguez v. Ashcroft*, 253 F.3d 797, 800 (5th Cir. 2001) (per curiam) ("It is axiomatic that if we are divested of jurisdiction to review an original determination by the Board

---

[4] Ortiz did not appeal the BIA's rejection of his legal argument that the IJ was required to ask him at the hearing on remand whether there were any changed circumstances.

that an alien has failed to establish that he would suffer extreme hardship if deported, we must also be divested of jurisdiction to review the Board's denial of a motion to reopen on the ground that the alien has still failed to establish such hardship. To hold otherwise would create a loophole that would thwart the clear intent of Congress that the courts not review the discretionary decisions of the BIA.").

Finally, we decline to address Ortiz's challenge to the BIA's determination that he failed to establish the requisite physical presence because it is unnecessary to our decision. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) (stating the general rule courts and agencies are not required to make findings on issues that are not dispositive).

### III.

For the foregoing reasons, Ortiz's petition for review is **DISMISSED** for lack of jurisdiction.