NOT RECOMMENDED FOR FULL-TEXT PUBLICATON
File Name: 15a0414n.06

No. 14-3658

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 08, 2015
DEBORAH S. HUNT, Clerk

MARCELINO RODRIGUEZ, JR,               )
                                       )
        Petitioner,                    )
                                       )
            v.                         )        ON APPEAL FROM THE
                                       )        BOARD OF
LORETTA LYNCH,                         )        IMMIGRATION APPEALS
                                       )
        Respondent.                    )
                                       )

BEFORE:    KEITH, CLAY, and STRANCH, Circuit Judges.

**DAMON J. KEITH, Circuit Judge.** Marcelino Rodriguez Jr., ("Petitioner") a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his application for cancellation of removal. We **DISMISS IN PART** and **DENY IN PART** the petition.

## I.     BACKGROUND

Petitioner was born on March 15, 1977 in Tamaulipas, Mexico. Petitioner first entered the United States in 1994. He returned to Mexico and subsequently married. In February 1998 he and his wife relocated to the United States permanently. Petitioner and his wife have three children who were born in the United States. Petitioner's wife does not have legal immigration status in the United States.

Petitioner came into immigration custody on June 24, 2008 after he mistakenly ended up at the Canadian border after picking up his brother-in-law. The Department of Homeland Security ordered Petitioner to appear before an immigration judge to answer to charges that he

was removable as an unlawfully admitted alien. Petitioner conceded removability, but sought cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D), which allows cancellation of removal to certain nonpermanent residents. At Petitioner's individual hearing on December 21, 2009, Petitioner argued that his removal would result in exceptional and extremely unusual hardship to his three children, particularly his oldest son. Petitioner testified that his oldest son suffers from a stutter speech impediment and Attention Deficit Hyperactivity Disorder ("ADHD").

While the Immigration Judge ("IJ") found Petitioner to be credible, the IJ concluded that Petitioner was ineligible for cancellation of removal. The IJ found that Petitioner had failed to show one of the four statutory requirements for cancellation: that his removal would result in exceptional and extremely unusual hardship to his United States-citizen children. *See* 8 U.S.C. §1229b(b)(1)(D). Accordingly, the IJ found Petitioner removable, and granted voluntary departure in lieu of entering an order of removal. Petitioner appealed to the BIA arguing that the IJ failed to consider all his hardship evidence.

On June 11, 2014, the BIA dismissed Petitioner's appeal and affirmed the IJ's decision. The BIA found no error in the IJ's findings of fact and concluded that Petitioner did not meet his burden of establishing that his children would suffer exceptional and extremely unusual hardship.

## II. STANDARD OF REVIEW

When considering a petition for review of a decision of the BIA, we review the Board's legal conclusions *de novo*. *See Karimijanaki v. Holder*, 579 F.3d 710, 714 (6th Cir. 2009). "When the BIA reviews the IJ's decision and issues a separate opinion, rather than summarily affirming the IJ's decision, we review the BIA's decision as the final agency determination."

*Ortiz-Cervantes v. Holder*, 596 F. App'x 429, 431 (6th Cir. 2015). However, this court also reviews the IJ's decision "[t]o the extent the BIA adopted the IJ's reasoning." *Id.* at 431-32.

## III. DISCUSSION

The Immigration and Nationality Act establishes that the Attorney General may cancel removal of a non-permanent resident alien if the alien: (1) has been physically present in the United States for a continuous period of at least 10 years immediately preceding the date of application; (2) has been of good moral character during this period; (3) has not been convicted of specified criminal offenses; and (4) can establish that removal would result in exceptional and extremely unusual hardship to a qualifying relative who is a United States citizen or lawfully admitted permanent resident. 8 U.S.C. § 1229b(b)(1).

*In re Monreal-Aguinaga*, 23 I&N Dec. 56 (BIA 2001), set out several factors to be considered in the aggregate when assessing the hardship requirement. *Id.* at 63-64. *Monreal* established that the hardship to the qualifying relative must be "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Id.* at 62. Applying this standard, the BIA rejected Petitioner's argument that his removal would result in hardship to his children. Instead, the BIA found that Petitioner had not met the requisite showing of hardship to his children.

### A. Incorrect Application of Precedent

Petitioner, almost exclusively, argues on appeal that the weight of the evidence slants in a finding of an exceptional and extremely unusual hardship, and thus, that the BIA incorrectly applied *Monreal* and the lineage of cases interpreting its decision. We, however, do not review an IJ's balance of the hardship factors because it is considered a discretionary decision. Section 1252(a)(2)(B) of Title 8 prevents this court from reviewing denials of cancellations of removal,

3

or any other decision or action, as specified, within the Attorney General's discretion. *See* 8 U.S.C. § 1252(a)(2)(B); *see also Ortiz-Cervantes v. Holder,* 596 F. App'x at 432 (citing 8 U.S. C. §§ 1252(a)(2)(B)(i), (a)(2)(D) ("We lack jurisdiction to review the discretionary decision to deny cancellation of removal on the grounds that the requisite exceptional and extremely unusual hardship has not been met. Our jurisdiction is limited to questions of law that do not require us to analyze the factors for eligibility."); *Ettienne v. Holder*, 659 F.3d 513, 517-18 (6th Cir. 2011); and *Flores-Cedra v. Holder*, 572 F. App'x 389, 390 (6th Cir. 2014) (per curiam).

While Petitioner claims that the BIA erred by failing to properly apply its own precedent, he is effectively making an evidentiary argument. The precedential cases Petitioner cites are: *In re Monreal-Aguinaga*, 23 I&N Dec. 56 (BIA 2001); *In re Andazola-Rivas*, 23 I&N Dec. 319 (BIA 2002); and *In re Gonzalez Recinas*, 23 I&N Dec. 467 (BIA 2002). He argues that a proper application of these cases to the facts of Petitioner's case supports the conclusion that his three United States citizen children would indeed suffer exceptional and extremely unusual hardship if Petitioner is ordered removed from this country. While we have found a failure by the BIA to follow its own precedent reviewable, *see Aburto-Rocha v. Mukasey*, 535 F.3d 500, 503 (6th Cir. 2008) (citing *Billeke-Tolosa*, 385 F.3d at 711-12); *see also Ettienne*, 659 F.3d at 517, that "does not give us authority to second guess every choice the agency makes about how to apply uncertain or even conflicting precedents in a given context." *Aburto-Rocha*, 535 F.3d at 503. Nor does it give us free reign to "override the BIA's decision on the basis of what [we] perceive as a better reading of the agency's own precedent." *Id.*

Petitioner does not specifically state how the BIA neglected to apply its own precedent. Instead, Petitioner seeks to draw comparisons between the facts of this case, and the BIA's

precedential cases. While Petitioner has fashioned this issue as a failure of the BIA to follow its own precedent, Petitioner, in effect, actually challenges the IJ and BIA's discretionary determination that Petitioner did not meet the hardship requirement. Petitioner essentially asks us to weigh his hardship evidence, and compare the facts of this case to the BIA's precedential cases. But this Court's jurisdiction "does not extend to 'weighing of the evidence'" because to do so would "effectively eliminate the jurisdictional bar on review of denials of cancellation of removal." *See Ortiz-Cervantes v. Holder*, 596 F. App'x at 432 (quoting *Ettienne*, 659 F.3d at 517). And as we've previously stated, "this court lacks jurisdiction over claims that can be evaluated only by engaging in head-to-head comparisons between the facts of the petitioner's case and those of precedential decisions." *Ettienne*, 659 F.3d at 518. Furthermore, we have held that "[a]n agency's interpretation of its own precedents receives considerable deference." *Aburto-Rocha*, 555 F.3d at 503.

Petitioner also argues that the IJ expanded the standard of proof necessary to warrant cancellation of removal. But this argument is likewise premised on a factual comparison of the cases. Petitioner contends that the BIA failed to perform a "side-by-side review of this matter to compare it with first *Monreal* and then *Andazola*." Pet'r's Br. 24. Petitioner then goes on to make factual comparisons between this case and *Monreal* and *Andazola*. Although he states that the IJ increased the standard of proof, his argument rests on the conclusion that the facts and circumstances of his case are more severe. Again, Petitioner's argument ignores our holding that we lack jurisdiction to conduct "head-to-head comparisons." *Ettienne*, 659 F.3d at 518. Accordingly, Petitioner's argument is dismissed.

### B. *Appropriate Legal Standard*

Petitioner argues that the BIA failed to apply the appropriate legal standard in assessing the hardship factors in this case because it considered his son's *current* health status, rather than contemplating "the potential seriousness of his health issue in the *future* if he is forced to move to Mexico with his father." Pet'r's Br. 27 (emphasis added). Petitioner is essentially arguing that the IJ failed to consider whether removal would exacerbate his son's medical issues.

While § 1252(a)(2)(B) precludes us from reviewing discretionary decisions for cancellation of removal, it does not prevent us from reviewing constitutional claims, questions of law, or nondiscretionary decisions. 8 U.S.C. 1252(a)(2)(D); *see Aburto-Rocha*, 535 F.3d at 502 ("[N]on-discretionary decisions . . . are within our purview, even where they underlie determinations that are ultimately discretionary.") (quotation marks omitted) (quoting *Billeke-Tolosa*, 385 F.3d at 711). Petitioner claims that the BIA failed to apply the appropriate legal standard to assess the hardship factors. We therefore conduct a limited review because this nondiscretionary question of law is properly before us.

A thorough review of the record reveals that both the BIA and the IJ considered and addressed Petitioner's son's future health issues in the event he were to accompany Petitioner to Mexico. The IJ articulated the § 1229b(b)(1)(D) requirement that an applicant demonstrate that "removal *would* result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D) (emphasis added). In addition, the IJ acknowledged the hardship that Petitioner's children would face as a result of his removal, particularly his oldest son's medical issues, but concluded that Petitioner had not established that any of his children would suffer hardship that is substantially beyond that which would ordinarily result from a parent's removal. And upon its review, the BIA found that:

> [t]he Immigration Judge considered the effect on the respondent's qualifying relatives if they returned to Mexico with him or remained in the United States. As to [Petitioner's son], the Immigration Judge found that special education was available in Mexico and that [Petitioner's son's] stutter, which was more pronounced in Spanish, would not amount to exceptional and extremely unusual hardship. As to [Petitioner's son's] grades, he did not perform well for the first quarter of 5th grade, but his grades improved over the course of 4th grade and the same may be true in 5th grade.

BIA Op., A.R. 4. The BIA's decision not to grant Petitioner's application for cancellation of removal does not amount to a misapplication of the correct legal standard. Accordingly, this issue is without merit. *See Gomez-Perez v. Holder*, 569 F.3d 370 (6th Cir. 2009) (holding that a petitioner's argument that the IJ and the BIA applied an incorrect legal standard by focusing on the present circumstances of the petitioner's children rather than on the future hardships they would face upon his removal raised a reviewable legal question, but finding that the record established that the IJ and the BIA properly addressed those hardships.)

As a second argument that the BIA failed to apply the appropriate legal standard, Petitioner claims that the BIA did not consider all the hardship factors in the aggregate. To support this assertion, Petitioner argues that the BIA erred in not giving fair weight to the gravity of his son's medical factors, and failing to consider Petitioner's psychologist's testimony as it relates to his son's medical issues. But again, Petitioner's argument is essentially a request that this Court review a discretionary decision of the BIA, which we have no authority to do. Consequently, there is no error, and we deny petitioner's claim that the BIA failed to apply the appropriate legal standard.

Finally, Petitioner argues that the BIA did not perform a *de novo* review. Petitioner takes issue with the fact that the BIA "affirmed and adopted the IJ's decision," and argues that the BIA's decision gave no real analysis of the case law. He argues that the BIA did not conduct a

7

de novo review because it merely cited to the IJ's decisions in a cursory manner. In essence, Petitioner would require that the BIA issue an opinion discussing each case cited in his brief and perform a side-by-side review. Section 1003.1(d)(3)(i) prohibits the BIA from engaging in a *de novo* review of findings of fact determined by an immigration judge. 8 C.F.R. § 1003.1(d)(3)(i). Under this section, the BIA may only review the IJ's factual determinations for clear error. *Id.* Additionally, the BIA "*may* review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo." 8 C.F.R. § 1003.1(d)(3)(ii) (emphasis added). And as this court has held, it is completely within the BIA's discretion to affirm or adopt the IJ's reasoning. *See Denko v. I.N.S.*, 351 F.3d 717, 728 (6th Cir. 2003) ("…the BIA has the authority to rely on an IJ's opinion that provides the required reasoning."); *see also id.* ("To adopt someone else's reasoned explanation *is* to give reasons."). Consequently, this argument is denied.

## IV. CONCLUSION

We **DISMISS IN PART** and **DENY IN PART** the petition for review.