NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0118n.06

Case No. 18-3639

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 13, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| FERNANDO RESENDIZ-SALGADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| WILLIAM P. BARR, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  KEITH, MERRITT, and LARSEN, Circuit Judges.

**DAMON J. KEITH, Circuit Judge.**  Petitioner Fernando Resendiz-Salgado ("Resendiz") seeks review of the Board of Immigration Appeals' ("BIA") final order, affirming the immigration judge's ("IJ") denial of his application for cancellation of removal. We deny the petition for review.

**I.**

Resendiz is a native and citizen of Mexico. In October 2012, the Department of Homeland Security apprehended Resendiz and initiated removal proceedings against him by issuing a notice to appear, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). In a motion to change venue, Resendiz conceded removability and subsequently applied for relief in the form of cancellation of removal.

On August 2, 2016, Resendiz's individual hearing was held before an IJ, who heard testimony from Resendiz and his wife, and considered various documents in support of Resendiz's application. On September 1, 2017, the IJ issued a decision and order denying Resendiz's application for cancellation of removal. The IJ found that Resendiz failed to demonstrate good moral character and that his removal would not result in exceptional and extremely unusual hardship to his three United States citizen children.

Resendiz appealed the IJ's decision to the BIA. On June 29, 2018, the BIA dismissed his appeal, agreeing with the IJ's finding that Resendiz had "not met his burden to prove that his removal to Mexico will result in the requisite level of hardship … to any of his three young United States citizen children." For this reason, the BIA declined to address the good moral character finding.

Resendiz now timely petitions this court for review of the BIA decision. Resendiz argues the IJ and BIA violated his Fifth Amendment right to due process in determining that he failed to demonstrate that his removal would result in exceptional and extremely unusual hardship. He further argues the BIA violated his Fifth Amendment right to a full and fair hearing by failing to address the IJ's good moral character finding. The Government responds that we lack jurisdiction over this appeal.

**II.**

Where the BIA reviews the IJ's decision and issues a separate opinion, rather than summarily affirming the IJ's decision, we review the BIA's decision as the final agency determination. *Al-Ghorbani v. Holder*, 585 F.3d 980, 991 (6th Cir. 2009). "To the extent that the BIA has adopted the IJ's reasoning, however, we also review the IJ's decision." *Id.*

To establish eligibility for cancellation of removal, Resendeiz was required to show: (1) continuous physical presence in the United States for at least ten years; (2) good moral character; (3) no convictions of qualifying criminal offenses; and (4) "exceptional and extremely unusual hardship" to his "spouse, parent, or child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1). As a discretionary form of relief, we lack jurisdiction to review a denial of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B); *see also Rodriguez v. Lynch*, 614 F. App'x 266, 269 (6th Cir. 2015). We retain jurisdiction, however, to review "constitutional claims or questions of law" as well as non-discretionary decisions. 8 U.S.C. § 1252(a)(2)(D); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008). Resendiz argues this court has jurisdiction because he presents a constitutional claim. Specifically, he argues the IJ and BIA violated his Fifth Amendment due process rights "by failing to take into account that all factors, when considered as a whole," establish that his removal would result exceptional and extremely unusual hardship for his three children. Pet'r's Br. at 8.

Resendiz styled his argument as a constitutional claim. However, this is "merely an attempt to circumvent Section 242(a)(2)(B)(i) of the INA, which clearly prohibits this court from reviewing the IJ's discretionary determination." *Lopez Gonon v. Holder*, 341 F. App'x 88, 92 (6th Cir. 2009). As such, we lack jurisdiction to review his challenge. This court previously rejected and foreclosed an argument similar to the one Resendiz now puts forth. In *Ettienne v. Holder*, the petitioner, seeking review from this court, argued the IJ and BIA failed to weigh hardship factors in the aggregate as required by BIA precedent. 659 F.3d 513 (6th Cir. 2011). We explained that such an argument could be within our jurisdiction to review, but only if the IJ had identified a standard other than cumulative weighing. *Id.* at 518. This court found that the petitioner could not credibly make such an argument, as the IJ twice identified the proper standard. *Id.* The court

further concluded that while the Petitioner cloaked her argument as a question of law, she ultimately argued that the IJ failed to consider certain facts specific to her case, a challenge which this court lacks jurisdiction to review. *Id.* at 519.

Here, Resendiz also argues that the IJ and BIA failed to cumulatively weigh factors in his hardship determination. As in *Ettienne*, the IJ in Resendiz's removal proceedings identified the proper standard. Before reaching a conclusion, the IJ stated "[t]his Court has weighed all the evidence of record both individually and cumulatively on the issue of exceptional and extremely unusual hardship." The IJ then determined that Resendiz's removal would not result in the requisite hardship level, and the BIA affirmed. Resendiz neither identifies another standard the IJ used, nor can he credibly do so. Therefore, as explained above, this court lacks jurisdiction to review the IJ's hardship determination.

Finally, we decline to address Resendiz's challenge to the BIA's finding that he failed to establish good moral character, as it is unnecessary to our decision. Having failed to establish extreme hardship, Resendiz cannot gain relief by showing good moral character anyway. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) (stating that courts and agencies are generally not required to make findings on issues the determination of which are not necessary to disposition).

## III.

For the foregoing reasons, Resendiz's petition for review is **DENIED**.