RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 26a0162p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

LEKE DODAJ,

                              *Petitioner,*

     *v.*

TODD W. BLANCHE, Acting U.S. Attorney General,

                            *Respondent.*

Nos. 25-3409/3905

———————————

On Petition for Review from the Board of Immigration Appeals.
No. A 046 526 935.

Decided and Filed:  June 8, 2026

Before:  STRANCH, BUSH, and BLOOMEKATZ, Circuit Judges.

———————————

## COUNSEL

**ON BRIEF:**  Russell Reid Abrutyn, ABRUTYN LAW PLLC, Southfield, Michigan, for Petitioner.  Nicole Thomas-Dorris, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

## OPINION

———————————

JOHN K. BUSH, Circuit Judge.  Leke Dodaj was found removable after having been convicted of a firearms offense and two crimes involving moral turpitude.  The Immigration Judge (IJ) granted him cancellation of removal because of hardships his family would face were he removed.  The Department of Homeland Security appealed the cancellation, and the Board of Immigration Appeals (the Board) reversed.  Dodaj petitions for review of that decision.  He also

petitions for review of the Board's denial of his motion for reconsideration.  We **DENY** both petitions.

**I.**

Dodaj was born in Albania.  In 1998, he immigrated to the United States at the age of seven and later became a lawful permanent resident.  His time in the United States has been marred by run-ins with the law.  He committed larceny in his mid-teens, stealing an iPod out of a vehicle.  Less than a month before his 18th birthday, he attempted a home invasion with some of his friends.  A Michigan court assigned him youthful trainee status under the Holmes Youthful Trainee Act (HYTA) for second-degree attempted home invasion and sentenced him to two years' probation.[1]  Although he completed his probation, Dodaj's troubles later continued.  His record includes convictions for driving while intoxicated, driving on a suspended or revoked license, receiving and concealing stolen property, forgery of license documents, fleeing and eluding police, and possessing a dangerous concealed weapon.

Given this criminal history, the Department of Homeland Security detained Dodaj and charged him as removable under 8 U.S.C. § 1227(a)(2)(C) for his firearms offense, possessing a dangerous concealed weapon, and under 8 U.S.C. § 1227(a)(2)(A)(ii) for two crimes involving moral turpitude—the attempted home invasion and the forgery of license documents.  He denied removability and applied for cancellation of removal.

At Dodaj's removal hearing, the IJ found that he was removable because both charges were sustained by clear and convincing evidence.  At a follow-up hearing on his cancellation-of-removal application, Dodaj, his mother, and the mother of his late brother's children testified, and the IJ found them all credible.  The IJ then weighed the positive factors in Dodaj's case against the negative factors to decide whether to grant discretionary cancellation of removal. The IJ found Dodaj's negative case obvious due to his extensive criminal record.  But the IJ found that negative case was outweighed by the burden deportation would place on Dodaj's ailing mother.  Were Dodaj deported, she would be left solely responsible for providing for

---

[1]The HYTA is a Michigan statutory scheme whereby a young offender is assigned "youthful trainee" status and has his record wiped when that status expires, provided he does nothing to justify revocation of his status, e.g., committing more crimes. *See Adams v. United States*, 622 F.3d 608, 611–12 (6th Cir. 2010).

herself, Dodaj's brother's child, and that child's mother. The IJ therefore granted Dodaj's application for cancellation of removal despite finding him removable.

The Government appealed the cancellation of removal to the Board. The Board reversed, finding Dodaj's positive case did not outweigh his substantial criminal record. The Board sustained the appeal, vacated the IJ's decision, and ordered Dodaj removed from the United States to Albania. Dodaj timely petitioned for review of the Board's decision.

Dodaj also filed a motion to reconsider and reopen with the Board, arguing that the IJ erred in sustaining the underlying charges of removability. The Board denied this motion because Dodaj (1) waived such challenges by failing to appeal removability, (2) did not explain why his proffered new legal authority entitled him to relief, and (3) did not submit previously unavailable material evidence that established a reasonable likelihood of success on the merits. He petitioned for review of this separate decision as well, and we have consolidated his two petitions. He remains in detention.

## II.

Because the Board issued its own decision, rather than summarily affirming the IJ, we review the Board's decision and look at the IJ's decision only to the extent the Board adopted its reasoning. *Sabastian-Andres v. Garland*, 96 F.4th 923, 929 (6th Cir. 2024). We review questions of law de novo, and factual findings for substantial evidence. *Cristales-de Linares v. Bondi*, 161 F.4th 401, 407 (6th Cir. 2025); 8 U.S.C. § 1252(b)(4) ("No court shall reverse a" factual finding "unless the court finds . . . that a reasonable trier of fact" would be "compelled" to do so.). We review a denial of a motion for reconsideration for abuse of discretion. *Wajda v. Holder*, 727 F.3d 457, 462 (6th Cir. 2013). The Board "abuses its discretion when it acts arbitrarily, irrationally or contrary to law." *Id.* (quoting *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003)).

## III.

We start by addressing Dodaj's challenge to the denial of cancellation of removal. We first consider whether we have jurisdiction to review the Board's decision not to grant such

cancellation.  We lack jurisdiction to review judgments regarding discretionary cancellation of removal under 8 U.S.C. § 1229b.  8 U.S.C. § 1252(a)(2)(B)(i); *Singh v. Rosen*, 984 F.3d 1142, 1148 (6th Cir. 2021).  There is, however, an important exception: if a petition raises "constitutional claims or questions of law," we can review it.  8 U.S.C. § 1252(a)(2)(D).  This includes both "purely legal" questions and "mixed questions of law and fact."  *Singh*, 984 F.3d at 1149.  That means we can review the Board's denial of cancellation only to the extent that Dodaj asserts that the Board misinterpreted or misapplied the law.  *See id.*  Whether Dodaj has raised reviewable issues depends on the substance of his claim rather than his framing.  *See id.*

Dodaj's challenge boils down to a disagreement with how the Board exercised its discretion.  That is unreviewable.  Indeed, he concedes that the only question before the Board was "whether he merits [cancellation of removal] as a matter of discretion."  25-3409 Pet'r Br. 61.  He argues that the Board's decision is nonetheless reviewable because the Board engaged in impermissible fact-finding.  The Board reversed the IJ's grant of cancellation of removal because the IJ erred in finding that Dodaj's substantial criminal history was outweighed by the hardships that his family would face if he was removed.  The examples Dodaj provides of "fact-finding" are clearly examples of the Board weighing the discretionary factors differently than the IJ weighed them based on the same set of facts.

For example, the Board's comments about the "nature" and "seriousness" of his criminal record are intended to frame and weigh the IJ's facts, not find new facts.  25-3905 AR 119.  The same is true of the Board's description of his DUI conviction as "a significant adverse factor." *Id.*  As is the purported conflict between the IJ's assertion that "most of [Dodaj's] abusing of . . . drugs" occurred "after his father died during COVID," 25-3905 AR 202, and the Board's recognition that his "fall into criminality" predated his father's death, 25-3905 AR 119.  Setting aside the fact that falling into criminality and abusing drugs are nonidentical events that can happen at different times, obviating any supposed conflict, the Board's characterization relied on facts found by the IJ—namely, that some of Dodaj's offenses occurred before his father's death.  The same is true of the Board's conclusion that he was insufficiently rehabilitated to mitigate the weight of his criminal history.

Dodaj also argues that the Board considered parts of his criminal history that were not in the IJ's factual findings. That is incorrect. The oral decision of the IJ stated that it was "not going to go in detail into every offense" that Dodaj had been charged with, but that "[h]is attorney did a good job of submitting all the documents" related to his full criminal history, including a summary, and the IJ incorporated those documents into the factual findings. 25-3905 AR 201–02. Therefore, to whatever extent the Board relied on those facts, doing so was permissible.

Dodaj further argues that the Board improperly gave "dispositive weight" to certain factors. 25-3409 Pet'r Br. 67. A cursory glance at the Board's decision shows otherwise. The Board explicitly concluded that "positive equities" like Dodaj's "compelling . . . family[] suffering . . . do not outweigh [his] substantial criminal record," and that he "ha[d] not provided sufficient evidence of rehabilitation or other factors to tip the balance toward a favorable exercise of discretion despite his criminal record." 25-3905 AR 119–20. That language is impossible to square with the idea that the Board considered any single factor dispositive.

In sum, Dodaj's challenge to the Board's decision boils down to a disagreement with how the Board exercised its discretion. We lack jurisdiction to adjudicate such a disagreement.

**IV.**

Though we lack jurisdiction to review the Board's denial of cancellation of removal, we must still address the Board's denial of Dodaj's motion to reconsider and reopen. His real dispute is not with the Board's denial of relief from removability; it is with the IJ for finding him removable in the first place. But Dodaj failed to preserve such a challenge when he did not appeal the IJ's removability determination. The IJ found that the charges which rendered him deportable under 8 U.S.C. § 1227(a)(2)(A)(ii) and (a)(2)(C) were "sustained by clear and convincing evidence," 25-3905 AR 248, and that finding was incorporated by reference into the IJ's oral decision. This finding was not the result of "the parties conced[ing] or stipulat[ing] to an issue" as Dodaj's briefing implies. 25-3905 Pet'r Br. 30. It was a determination made after a hearing in which he had the chance to argue that his criminal history was insufficient to render him removable. He did just that, arguing that his HYTA convictions are not convictions under

the immigration statute—one of the arguments he presses in his petition.  Dodaj's argument that the IJ failed to uphold its duty to independently determine his removability is thus not well-taken.

He also accuses the Board of failing to uphold that same duty.  The Board has no such duty.  His assertion that "[t]he [Board] was *required* to review the legal question of Mr. Dodaj's removability de novo" is belied by the clear text of the regulation he cites for that proposition.  25-3905 Pet'r Br. 30 (emphasis added).  This regulation, 8 C.F.R. § 1003.1(d)(3)(ii), provides that "[t]he Board *may* review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges *de novo*." (first emphasis added).[2]  That is language of discretion, not duty.  *See Rodriguez v. Lynch*, 614 F. App'x 266, 271 (6th Cir. 2015); *see also Singh*, 984 F.3d at 1150–51.  Section 1003.1(d)(3)(ii) grants the Board the discretion to review certain non-factual questions in appeals from IJ decisions and provides a standard of review for those questions.  It does not, however, create an affirmative duty to review anything in particular.  So the Board did not err by failing to address removability, an issue that it was not required to consider and that was not even before it on appeal.

Because the IJ discharged its duty to determine Dodaj's removability and the Board had no duty to determine his removability, his waiver of the IJ's removability determination means that we will not review that determination, either.  "[W]aiver occurs when a party intentionally abandons a known right," e.g., "by initially raising the claim and then explicitly abandoning it later." *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1011 (6th Cir. 2022).  Dodaj did just that when he initially challenged his removability and then, on appeal, requested summary affirmance of the IJ decision finding him removable.[3]  That waiver dooms his petition.

---

[2]Dodaj also cites 8 C.F.R. § 1003.1(d)(2) in support of this argument, but that section provides standards for summary dismissal of appeals and is irrelevant to the issue of whether the Board had an obligation to review removability de novo.

[3]Dodaj argues he should not be bound by this decision of his prior attorney, relying on *Hanna v. Holder*, 740 F.3d 379 (6th Cir. 2014).  But unlike the petitioner in *Hanna*, Dodaj has not provided any intervening change in law that would make today's result unjust.  *See id.* at 389.

Because we cannot review the Board's discretionary denial of cancellation of removal, and Dodaj waived his challenges to removability, we cannot find that the Board abused its discretion by denying the motion to reconsider.

\*       \*       \*

The petitions for review are **DENIED**.