**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0662n.06

No. 12-4160

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 18, 2013*
DEBORAH S. HUNT, Clerk

ROSENDO BELTRAN-RODRIGUEZ;            )
MARGARITA NUNEZ-BELTRON,              )
                                      )
        Petitioners,                  )
                                      )      ON PETITION FOR REVIEW
v.                                    )      FROM THE UNITED STATES
                                      )      BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General, )     APPEALS
                                      )
        Respondent.                   )
                                      )

BEFORE:  BOGGS and SILER, Circuit Judges; DOWD, District Judge.[*]

PER CURIAM.   Rosendo Beltran-Rodriguez and Margarita Nunez-Beltron petition for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) order of removal.

The petitioners are natives and citizens of Mexico.  They entered the United States in 1997, and removal proceedings were initiated against them in 2002.  The petitioners moved to suppress the I-213 forms that set forth the factual basis for their removability.  The IJ denied the motion without a hearing and ordered the petitioners removed to Mexico.

On appeal, the petitioners raise two arguments:  (1) the IJ erred by refusing to conduct a suppression hearing and refusing to exclude the I-213 forms on the basis that the petitioners were

---

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

interviewed by the arresting officer in violation of both 8 C.F.R. § 287.3(a) and their right to due process; and (2) the IJ lacked jurisdiction over the case because the notices to appear did not contain the time and date of the hearing as required by 8 U.S.C. § 1229(a)(1)(G)(i). Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). To the extent that the BIA adopted the IJ's reasoning, we also review the IJ's decision. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review legal conclusions de novo. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011).

The BIA properly affirmed the IJ's denial of the suppression motion because 8 C.F.R. § 287.3(a) does not create any enforceable substantive or procedural rights for a party in a civil or criminal proceeding. *See* 8 C.F.R. § 287.12; *Navarro-Chalan v. Ashcroft*, 359 F.3d 19, 23 (1st Cir. 2004). Further, the arresting officer's interview of the petitioners was not an egregious constitutional violation that resulted in fundamental unfairness. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 & n.5 (1984); *Miguel v. INS*, 359 F.3d 408, 411 n.3 (6th Cir. 2004). The BIA also properly determined that the alleged deficiencies in the notices to appear did not deprive the IJ of jurisdiction because the petitioners were subsequently notified in writing of the time and date of the hearing. *See Popa v. Holder*, 571 F.3d 890, 895-96 (9th Cir. 2009); *Gomez-Palacios v. Holder*, 560 F.3d 354, 359 (5th Cir. 2009); *Dababneh v. Gonzales*, 471 F.3d 806, 809 (7th Cir. 2006).

Accordingly, we deny the petition for review.