NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0696n.06

No. 15-3027

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Oct 15, 2015
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JORGE RENE TRUJILLO-ROQUE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | On Petition for Review from the |
| v. | ) | United States Board of |
| | ) | Immigration Appeals. |
| LORETTA E. LYNCH, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____/ | ) | |

**Before: GUY, KETHLEDGE, and STRANCH, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Petitioner, Jorge Trujillo-Roque, appeals the BIA's denial of his motion to reopen removal proceedings, arguing that new and material evidence supports suppression of evidence of his alienage obtained in violation of the Fourth Amendment. We deny the petition.

**I.**

Petitioner was arrested for driving under the influence. During booking, a Davidson County Sherriff's Office (DCSO) deputy marked petitioner's file with an "ICE" stamp. ICE filed an immigration detainer instructing DCSO to detain petitioner

until adjudication of state charges.  Petitioner was interviewed by DCSO deputies authorized to act as immigration officers pursuant to a cooperation agreement between ICE and the DCSO (the "§ 287(g) program").  The officers determined that petitioner was a Guatemalan native residing in the United States without authorization, and created an I-213 report documenting their determination of his status.

Petitioner denied all allegations at his initial immigration hearing, and moved to suppress the I-213 report.  The immigration judge denied petitioner's motion and issued a removal order.  Petitioner appealed to the BIA, arguing that the § 287(g) program was prohibited by the Nashville Metropolitan Charter,[1] and that the I-213 report resulting from his § 287(g) interview should be suppressed.  The BIA denied the appeal.  Petitioner filed the instant motion to reopen, alleging new factual and legal developments he believes establish that his immigration interview violated the Fourth Amendment.  The BIA denied the motion.

## II.

We review the BIA's legal conclusions *de novo*.  *Beltran-Rodriguez v. Holder*, 530 F. App'x 464, 465 (6th Cir. 2013).  Documentary evidence is admissible in removal proceedings where it is probative and its use is fundamentally fair.  *Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (B.I.A. 1988).  We review the denial of a motion to reopen removal proceedings for an abuse of discretion.  *Gordillo v. Holder*, 640 F.3d 700, 702 (6th Cir. 2011).  The BIA abuses its discretion when a determination is "made without a

---

[1] In a case raising the same challenge, the Tennessee Supreme Court upheld the § 287(g) program in response to a certified question from the United States District Court for the Middle District of Tennessee. *Renteria-Villegas v. Metro. Gov't of Nashville & Davidson Cnty.*, 382 S.W.3d 318 (Tenn. 2012).

rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis . . . ." *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982).

Petitioner must make a *prima facie* showing of eligibility for relief to support his motion to reopen, *Alizoti v. Gonzales*, 477 F.3d 448, 451-452 (6th Cir. 2007), which may be granted only if the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1). Motions to reopen are generally disfavored and the BIA has broad discretion to grant or deny them. *INS v. Doherty*, 502 U.S. 314, 323 (1992). The BIA's denial of a motion to reopen "may be affirmed only on the basis articulated in the decision and this Court may not assume that the Board considered factors that it failed to mention in its opinion." *Daneshvar v. Ashcroft*, 355 F.3d 615, 626 (6th Cir. 2004).

### III.

Petitioner cites as new and previously unavailable evidence *Galarza v. Szalczyk*, 745 F.3d 634 (3rd Cir. 2014) (holding that ICE detainers issued under 8 C.F.R. § 287.7 are merely requests, and state and local law enforcement officials are thus proper defendants in a Fourth Amendment claim); *Miranda-Olivares v. Clackamas Cnty.*, No. 3:12-cv-02317-ST, 2014 WL 1414305, at *9-11 (D. Or. Apr. 11, 2014) (finding separate seizure and Fourth Amendment violation where detainee was eligible for bail but not released due to an ICE detainer); an August 2012 newspaper article reporting that DCSO declined to renew its cooperation agreement with ICE; and a May 2014 report that numerous sheriffs in other states ceased holding arrestees based solely on ICE detainers.

The BIA found that petitioner had not satisfied the requirements of § 1003.2(c)(1). As noted in the decision, the cases offered by petitioner were decided outside of the Sixth Circuit and prior to the BIA's May 20, 2014 decision denying the motion to suppress and terminate. *See, e.g.*, *Ortiz-Cervantes v. Holder*, 596 F. App'x 429, 431 (6th Cir. 2015) (evidence arising during pendency of appeal but first raised in a motion to reopen was not previously unavailable); *Qeraxhiu v. Gonzales*, 206 F. App'x 476, 481 (6th Cir. 2006) (evidence available prior to the BIA's denial of asylum application was not previously unavailable). Furthermore, petitioner's assertions regarding future law enforcement policies did not provide a sufficient basis to support reopening the matter. The BIA concluded that petitioner was afforded the opportunity to fully present his claim as to why the proceedings should be terminated and that due process was satisfied in this case.

To set aside the BIA's determination as petitioner requests, we must have a "'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006) (citation omitted). Our review of the record does not lead us to such a conviction. The BIA rightly determined that the out-of-circuit cases are not controlling and were available prior to the denial of petitioner's direct appeal. Petitioner's failure to satisfy the regulatory requirements of § 1003.2(c)(1) is a reasonable basis for the BIA's decision. The BIA did not abuse its discretion in denying petitioner's motion to reopen.

**THE PETITION IS DENIED.**